**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

CHAD CARL JAYCOX,
*Defendant-Appellant.*

No. 19-10077

D.C. No.
2:14-cr-00010-GEB-1

OPINION

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted April 17, 2020[*]
San Francisco, California

Filed June 16, 2020

Before:  Michael Daly Hawkins and Richard A. Paez,
Circuit Judges, and Jane A. Restani,[**] Judge.

Opinion by Judge Restani

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

## SUMMARY***

### Criminal Law

The panel reversed the district court's application of a sentencing enhancement in a case in which the defendant pleaded guilty to receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), and remanded for resentencing.

Based on the defendant's prior conviction under California Penal Code § 261.5(c), which criminalizes "unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator," the district court applied 18 U.S.C. § 2252(b)(1), which increases the mandatory minimum sentence from five to fifteen years if a defendant has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."

The panel wrote that because the minimum conduct required for a conviction includes consensual sexual intercourse between an individual a day shy of eighteen and an individual who is 21 years of age, § 261.5(c) is not a categorical match to the general federal definition of sexual abuse of a minor. And although the "relating to" language in § 2252(b)(1) has a broadening effect and will allow certain flexibility at the margins, the panel could not say that the minimum conduct criminalized under § 261.5(c) relates to abusive sexual conduct involving a minor, where the California statute criminalizes conduct that is not necessarily

---

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

abusive or against those ordinarily considered minors for age of consent purposes.

The panel held that in evaluating the need to avoid unwarranted sentencing disparities under 18 U.S.C. § 3553(a), the district court did not abuse its discretion by focusing on national parity rather than giving definitive weight to the defendant's proffered regional data.

Because the district court determined the sentence in view of the incorrect statutory and Guidelines ranges, the panel concluded that the district court's weighing of the § 3553(a) factors was potentially affected and must be redone.

## COUNSEL

Heather E. Williams, Federal Defender; Carolyn M. Wiggin, Assistant Federal Defender; Office of the Federal Defender, Sacramento, California; for Defendant-Appellant.

McGregor W. Scott, United States Attorney; Camil A. Skipper, Appellate Chief; Matthew G. Morris, Assistant United States Attorney; United States Attorney's Office, Sacramento, California; for Plaintiff-Appellee.

**OPINION**

RESTANI, Judge:

Chad Carl Jaycox appeals the district court's imposition of a 240-month sentence following his conviction for receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). If a defendant has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," then the statutory minimum sentence is increased from five to fifteen years. *Id.* § 2252(b)(1). Because Jaycox was previously convicted under California Penal Code § 261.5(c), which criminalizes "unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator," the district court applied the enhancement. We hold that this decision was in error. Accordingly, we reverse and remand for resentencing.

## I. Background

In 2018, Jaycox pleaded guilty to receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). A conviction under that section has a mandatory minimum of five years and maximum of twenty years. *Id.* § 2252(b)(1). The presentence investigation report ("PSR") advised that Jaycox's prior conviction under California Penal Code § 261.5(c)[1] triggered the sentencing enhancement under 18 U.S.C. § 2252(b)(1). With the enhancement, the

---

[1] Jaycox was convicted of this offense in 2010. The next year, that section of the code was updated to its current version. *See* Cal. Penal Code § 261.5(c) (2000). The changes concerned imprisonment details for those convicted of the crime and did not alter the conduct criminalized, and so are not material to our analysis. *Compare* Cal. Penal Code § 261.5(c) (2000) *with* Cal. Penal Code § 261.5(c) (2011).

statutory range increased to a mandatory minimum of fifteen years and a maximum of forty years. *Id.* § 2252(b)(1). The PSR advised that the applicable United States Sentencing Guidelines ("Guidelines") range was 262 to 327 months, but recommended a below-Guidelines sentence of 240 months.

Jaycox objected to the enhancement, arguing, in part, that a conviction under California Penal Code § 261.5(c) was not a predicate crime under 18 U.S.C. § 2252(b)(1). Citing our decision in *United States v. Sullivan*, 797 F.3d 623 (9th Cir. 2015), which held that a conviction under California Penal Code § 261.5(d) triggered the enhancement, the district court overruled Jaycox's objection and sentenced him to 240 months, a downward departure.

## II.  Jurisdiction and Standard of Review

We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a conviction supports a statutory mandatory minimum enhancement. *United States v. Reinhart*, 893 F.3d 606, 610 (9th Cir. 2018). Sentencing decisions are reviewed for abuse of discretion, unless a defendant failed to object, in which case we review for plain error. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

## III.  Discussion

### A.  Whether Jaycox's prior conviction supports a sentencing enhancement under 18 U.S.C. § 2252(b)(1)

Jaycox argues that the district court erred in finding that his prior state law conviction justified a sentencing enhancement under 18 U.S.C. § 2252(b)(1). He contends that although the *Sullivan* court held that a conviction under

California Penal Code § 261.5(d) supported the enhancement, his prior conviction is an offense that criminalizes less culpable conduct, including consensual intercourse between a twenty-one-year-old and someone nearly eighteen. *See* Cal. Penal Code § 261.5(c).[2] Unlike subsection (d) of § 261.5, at issue in *Sullivan*, which applies when a minor is under sixteen and a perpetrator is twenty-one years of age or older, Jaycox argues his offense under subsection (c) is not necessarily an abusive one and thus is not one relating to "aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor or ward," as required for the enhancement. The government responds that, although Jaycox's conviction may not be an "element-for-element match to th[e] generic federal crime," it nonetheless is "relating to" the relevant federal corollaries because of the "psychological harm in light of the age of the victim."

As noted in *Sullivan*, we begin our inquiry into whether a state conviction "falls into the specified class of federal offenses," by applying the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See Sullivan*, 797 F.3d at 635. The underlying facts that gave rise to the conviction are not considered under the strict categorical approach. *See Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013). Instead, we identify the federal generic definition of the crime and then assess whether the elements of the state crime match that definition. *Sullivan*, 797 F.3d at 635. If the state crime criminalizes more conduct than does the

---

[2] Specifically, the state statute criminalizes "unlawful sexual intercourse" defined as sexual intercourse between an adult and minor under the age of eighteen who is not the spouse of the adult. *See* Cal. Penal Code § 261.5(a).

federal crime, then the state crime is not a categorical match. *Id.*

But when a federal statute includes the phrase "relating to," our inquiry does not end even if a state offense is not a categorical match. The Supreme Court has held that this "key phrase" has a broadening effect. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383–84 (1992). Accordingly, for a state conviction to support a sentencing enhancement under 18 U.S.C. § 2252(b)(1), it is enough if the conviction "stands in some relation, bears upon, or is associated with th[e] the generic offense." *United States v. Sinerius*, 504 F.3d 737, 743 (9th Cir. 2007).

In *Sullivan*, we analyzed a similar California statute, California Penal Code § 261.5(d). We concluded that although not a categorical match to the generic federal offense, the conduct criminalized was still "categorically a conviction under the laws of any state relating to . . . sexual abuse for purposes of" § 2252(b)(2)[3] because it related to "sexual abuse as that phrase is ordinarily understood." *Sullivan*, 797 F.3d at 641 (internal quotations and citations omitted). Noting that each of the offenses listed in § 2252(b)(2) "involve sexual conduct and abuse," we set out to define those terms. *Id.* at 636–37. We gave 'sexual' "its ordinary and commonsense meaning" and noted that the definition of 'abuse' varies depending on the context but "encompasses behavior that is harmful emotionally and

---

[3] This statutory enhancement provision applies to a different subsection of 18 U.S.C. § 2252 than subsection (b)(1) but contains identical language regarding what prior offenses qualify for the enhancement. 18 U.S.C. § 2252(b)(2) (applying the enhancement to various federal convictions as well as "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward").

physically." *Id.* (citing *United States v. Lopez-Solis*, 447 F.3d 1201, 1207 (9th Cir. 2006) (alterations accepted).

We also considered the federal generic offense of "sexual abuse of a minor" as relevant in deciding what types of conduct relate to abusive sexual conduct. *Id.* at 637. Although we did not have the benefit of the Supreme Court's explication of the federal generic definition of sexual abuse of a minor in *Esquivel-Quintana v. Sessions*, we correctly determined that sexual abuse of a minor requires the age of the victim to be less than sixteen. *Sullivan*, 797 F.3d at 637 (defining sexual abuse of a minor based on the elements of 18 U.S.C. § 2243, which includes that a victim must be younger than sixteen); *see also Esquivel-Quintana*, 137 S. Ct. 1562, 1572–73 (2017).[4] We ultimately concluded that California Penal Code § 261.5(d) was not a categorical match for the federal definition. *Sullivan*, 797 F.3d at 637. But because "sexual conduct is abusive when the minor is under 16," we held that conduct criminalized by § 261.5(d) necessarily "causes physical or psychological harm in light of the age of the victim," and so was a crime "relating to . . . sexual abuse," such that the application of the sentencing enhancement under 18 U.S.C. § 2252(b)(2) was appropriate. *Id.* at 640–41.

---

[4] In *Esquivel-Quintana*, the Court "le[ft] for another day whether the generic offense requires a particular age differential between the victim and the perpetrator, and whether the generic offense encompasses sexual intercourse involving victims over the age of 16 that is abusive because of the nature of the relationship between the participants." *Esquivel-Quintana*, 137 S. Ct. at 1572.

The issue here is whether the holding in *Sullivan* regarding § 261.5(d) applies with equal force to § 261.5(c).[5] As in *Sullivan*, we must assess whether that prior conviction is a conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."　We start with the federal generic definition of "abusive" or "abuse"　as that is required under any of the three offenses.

As the Supreme Court recently noted, the age of legal competence and age of legal consent are not necessarily the same and most state criminal codes require that when "sexual intercourse is abusive solely because of the ages of the participants, the victim must be younger than 16." *Esquivel-Quintana v. Sessions*, 137 S. Ct. at 1572.　We have consistently recognized that consensual sexual intercourse with individuals over the age of sixteen is "not necessarily physically or psychologically abusive."　*United States v. Lopez-Solis*, 447 F.3d 1201, 1209 (9th Cir. 2006); *United States v. Medina-Villa*, 567 F.3d 507, 515 (9th Cir. 2009) (reasoning that the "vast majority of states do not forbid consensual sexual intercourse with a 17-year old . . . indicates that such conduct is not necessarily abusive") (quoting *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1153 (9th Cir. 2008)).　In doing so, we have recognized that "prior case law—as well as common sense—suggest that, while consensual underage sex may be harmful to a young teen, it may not be harmful to an older one."　*Sinerius*, 504 F.3d at 742 (quoting *Lopez-Solis*, 447 F.3d at 1208).　Ultimately, although we have recognized that sexual intercourse with a

---

[5] The district court adopted the findings of the PSR insofar as it advised that Jaycox's previous conviction supported an increased mandatory minimum under 18 U.S.C. § 2252(b)(1).　No specific reasoning was set forth.

younger minor is per se abusive because it is at minimum "undoubtedly psychologically harmful," the same is not necessarily true for those older than sixteen. *Medina-Villa,* 567 F.3d at 513 (citation omitted).

The California statute at issue here criminalizes sexual conduct between a minor, defined as an individual under the age of eighteen, and an individual at least three years older. Cal. Penal Code § 261.5(c).  Thus, the minimum conduct required for a conviction includes consensual sexual intercourse between an individual a day shy of eighteen and an individual who is twenty-one years of age. *See id.* Consequently, like the subsection at issue in *Sullivan*, there is no question that § 261.5(c) is not a categorical match to the generic federal definition of sexual abuse of a minor.  *See Esquivel-Quintana*, 137 S. Ct. at 1573 (holding that § 261.5(c) was not categorically sexual abuse of a minor because it criminalized consensual sex with individuals over sixteen years of age).

Although the "relating to" language in § 2252(b)(1) has a broadening effect and will allow certain flexibility at the margins, we cannot say that the minimum conduct criminalized under Cal. Penal Code § 261.5(c) relates to abusive sexual conduct involving a minor.  Indeed, unlike the subsection at issue in *Sullivan*, which criminalizes conduct against individuals under the age of sixteen by adults twenty-one years of age or older, § 261.5(c) criminalizes conduct not necessarily abusive, *see Lopez-Solis*, 447 F.3d at 1208, nor against those ordinarily considered minors for age of consent purposes, *see Medina-Villa*, 567 F.3d at 515.  A core substantive element of the state crime—the age of the participants—is too far removed from the relevant federal generic definitions to be "related to" them. *See United States v. Schopp,* 938 F.3d 1053, 1066

(9th Cir. 2019) (noting that the "relating to" phrase "does not permit an expansion beyond the substantive linchpin element of the federal generic crime"); *Reinhart*, 893 F.3d at 616 (9th Cir. 2018) (interpreting the "relating to" phrase and explaining that "interpretation must somehow be anchored to prevent it from drifting aimlessly"); *Sullivan*, 797 F.3d at 641 (justifying the enhancement because the state statute "relate[d] to sexual abuse as that phrase is ordinarily understood").

Although the 240-month sentence imposed by the district court is the upper statutory and Guidelines limit for Jaycox's crime without the enhancement, we remand for resentencing as the district court's error may have affected the final sentence. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) (concluding that it is typically sufficient "to show a reasonable probability of a different outcome" when a defendant is sentenced under the incorrect Guidelines range, even if the "ultimate sentence falls within the correct range"); *see also Schopp*, 938 F.3d at 1069 (reversing and remanding as plain error when the district court incorrectly imposed a sentencing enhancement). Without the enhancement, the proper sentencing range was five to twenty years, rather than fifteen to forty years. 18 U.S.C. § 2252(b)(1). The district court may well have considered a lighter sentence in view of the altered range of sentencing options, *see* 18 U.S.C. § 3553(a), especially considering that the district judge downwardly departed from the Guidelines range in this case. Accordingly, remand is appropriate.

## B. The District Court's Consideration of the Sentencing Factors

Jaycox raises an additional challenge to his sentence. Jaycox argues that the district court erred by failing to

consider his proffered regional data regarding similarly-situated defendants, and instead focusing on "national parity," when evaluating the need to avoid unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6).

The district court did not abuse its discretion in not giving definitive weight to Jaycox's regional data in determining the appropriate sentence. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (requiring the court determine whether there is "significant procedural error" and then whether a sentence is substantively reasonable). First, we have recognized that "Congress's primary goal in enacting [18 U.S.C.] § 3553(a)(6) was to promote national uniformity in sentencing." *United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007) (quoting *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006)). Second, and contrary to Jaycox's contention, the record appears to show that the district court considered Jaycox's sentencing arguments but ultimately determined they did not warrant a lower sentence in the light of other sentencing factors. Because the district court determined Jaycox's sentence in view of the incorrect statutory and Guidelines ranges, however, the district court's weighing of the 18 U.S.C. § 3553(a) factors was potentially affected and must be redone.

## IV. Conclusion

For the foregoing reasons, we reverse the decision of the district court and remand for resentencing consistent with this opinion.

**REVERSED AND REMANDED.**