**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee*,

v.

DAVEY WAYNE HUDSON,
      *Defendant-Appellant*.

No. 19-10227

D.C. No.
4:18-cr-00232-
JST-1

OPINION

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted October 21, 2020
San Francisco, California

Filed January 29, 2021

Before: Michael Daly Hawkins, N. Randy Smith, and
Ryan D. Nelson, Circuit Judges.

Opinion by Judge Hawkins

# SUMMARY[*]

## Criminal Law

The panel affirmed a sentence for possession of child pornography in a case in which the district court determined that the defendant was subject to a ten-year mandatory minimum sentence under 18 U.S.C. § 2252(b)(2), which applies if, among other things, a defendant has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."

The district court applied the § 2252(b)(2) ten-year minimum as a result of the defendant's prior conviction under California Penal Code § 288(a), which criminalizes lewd and lascivious conduct with a minor under the age of fourteen.

Rejecting the defendant's constitutional challenge, the panel held that § 2252(b)(2)'s reference to state crimes "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor" is not unconstitutionally vague, because the language neither fails to give ordinary people notice of its scope nor poses a risk of arbitrary enforcement.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Hanni M. Fakhoury (argued), Assistant Federal Public Defender; Steven G. Kalar, Federal Public Defender; Office of the Federal Public Defender, Oakland, California; for Defendant-Appellant.

Matthew M. Yelovich (argued), Assistant United States Attorney; Merry Jean Chan, Chief, Appellate Section, Criminal Division; David L. Anderson, United States Attorney; United States Attorney's Office, San Francisco, California; for Plaintiff-Appellee.

**OPINION**

HAWKINS, Circuit Judge:

Individuals convicted of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4), face a ten-year mandatory minimum sentence if, among other things, they have a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(2). As a result of a prior conviction under California Penal Code § 288(a), which criminalizes lewd and lascivious conduct with a minor under the age of fourteen, appellant Davey Hudson received the ten-year mandatory minimum sentence for his guilty-plea conviction on one count of possessing child pornography. On appeal, Hudson contends that his sentence must be vacated because the statutory provision "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" is unconstitutionally vague. We hold that it is not and affirm the sentence.

## BACKGROUND

In 2017, federal agents and local police executed a search warrant for Hudson's apartment after determining that Hudson was sharing child pornography on a peer-to-peer file sharing network. The agents unlocked several files contained on a laptop found in the residence and identified at least 135,156 images and 1,158 videos of child pornography.

Hudson was indicted on a single count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). At the time of the indictment, Hudson had a prior conviction under California Penal Code § 288(a)[1] for engaging in a lewd and lascivious act with a minor under the age of fourteen, and the government gave notice that Hudson was subject to an enhanced sentence under 18 U.S.C. § 2252(b)(2) as a result of that prior conviction.

Hudson entered a plea of guilty and proceeded to sentencing. At sentencing, the district court determined that Hudson was subject to the enhanced ten-year mandatory

---

[1] At the time of Hudson's state conviction, that statute provided:

> Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years.

California Penal Code § 288(a) (1998).

minimum sentence under § 2252(b)(2). The district court relied on our decision in *United States v. Farmer*, 627 F.3d 416, 418, 420 (9th Cir. 2010), which held that a conviction under California Penal Code § 288(a) is a conviction categorically "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." Although *Farmer* interpreted the sentencing enhancement under 18 U.S.C. § 2252A, the district court determined *Farmer's* holding was applicable equally to § 2252(b)(2), which contains identical language.

Hudson did not dispute that *Farmer* applied but argued instead that he was not subject to an enhanced mandatory minimum because § 2552(b)(2) is unconstitutionally vague. Hudson advocated for a sentence of 87 months—the low end of the otherwise applicable Guidelines range of 87 to 108 months. Although the district court rejected Hudson's constitutional argument and determined it was bound by *Farmer* to impose a minimum ten-year sentence, the district court explained that it would have imposed the requested 87-month sentence but for the application of § 2252(b)(2). Hudson now appeals.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a prior conviction supports the statutory mandatory minimum enhancement under § 2252(b)(2), *United States v. Sullivan*, 797 F.3d 623, 635 (9th Cir. 2015), and whether a statute is unconstitutionally vague, *United States v. Hungerford*, 465 F.3d 1113, 1116 (9th Cir. 2006).

**DISCUSSION**

In this appeal, we must determine whether the statutory language "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" is unconstitutionally vague. "[T]he Government violates [the Fifth Amendment's due process] guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015) (citing *Kolender v. Lawson*, 461 U.S. 352, 357–58 (1983)). Hudson contends that the challenged provision fails on both grounds. We disagree.

## I. Case Law Interpreting § 2252(b)(2) and Related Provisions.

"Section 2252(b)(2) is a recidivist penalty and sentencing enhancement for those . . . convicted federally of possession of child pornography under § 2252(a)(4), and who have certain prior offenses." *United States v. Reinhart*, 893 F.3d 606, 609 (9th Cir. 2018). In relevant part, the statute provides:

> Whoever violates, or attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title or imprisoned not more than 10 years, or both, but . . . if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined

under this title and imprisoned for not less than 10 years nor more than 20 years.

18 U.S.C. § 2252(b)(2). To determine whether a prior conviction triggers the sentencing enhancement, the court begins with the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *Sullivan*, 797 F.3d at 635. Under that familiar test, we first define the federal generic offense, and "[w]e then compare the conduct prohibited under the state statute to the generic definition to determine whether 'the full range of conduct covered by the [state] statute falls within the meaning of' the federal definition." *Farmer*, 627 F.3d at 418 (quoting *United States v. Sinerius*, 504 F.3d 737, 740 (9th Cir. 2007)).

Hudson's arguments center on two lines of precedent: (1) our case law interpreting the phrase "abusive sexual conduct involving a minor or ward," and (2) our case law determining how the phrase "relating to" affects our application of the categorical approach.

## A. "Aggravated Sexual Abuse, Sexual Abuse, or Abusive Sexual Conduct Involving a Minor or Ward."

We have interpreted the phrase "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" as it is used in § 2252(b)(2) and related statutes on several occasions. *See, e.g.*, *United States v. Jaycox*, 962 F.3d 1066 (9th Cir. 2020) (interpreting 18 U.S.C. § 2252(b)(1)); *Sullivan*, 797 F.3d at 636–37 (§ 2252(b)(2)); *Farmer*, 627 F.3d at 418–21 (§ 2252A(b)(2)); *Sinerius*, 504 F.3d at 740–41 (§ 2252A(b)).

Because the terms "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor or

ward" are not defined in § 2252 or anywhere else in Chapter 110 of Title 18, we have "follow[ed] our common practice in cases involving non-traditional offenses by defining the offense based on the ordinary, contemporary, and common meaning of the statutory words." *Sullivan*, 797 F.3d at 636 (quoting *Sinerius*, 504 F.3d at 740). We began with the terms "sexual" and "abuse," which are common to all three predicates; we used the ordinary, commonsense meaning of "sexual" and looked to other contexts addressing the meaning of "abuse," notably cases defining the word to mean to "misuse . . . to use or treat so as to injure, hurt, or damage . . . to commit indecent assault on," including "behavior that is harmful emotionally and physically." *Id.* (internal quotation marks and citations omitted).

We have rejected the argument that we should define § 2252(b)(2)'s predicate sexual abuse offenses— "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor or ward"—exclusively in relation to three similarly titled federal statutes—18 U.S.C. § 2241 (aggravated sexual abuse), 18 U.S.C. § 2242 (sexual abuse), and 18 U.S.C. § 2243 (sexual abuse of a minor or ward). *See Sullivan*, 797 F.3d at 637; *see also Farmer*, 627 F.3d at 420–21 (interpreting identical terms in § 2252A). However, these federal statutes are relevant to our § 2252(b) analysis, and "a statutory rape offense constitutes the generic offense of 'sexual abuse of a minor' if it includes the elements set forth in 18 U.S.C. § 2243, specifically: (1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor." *Id.* at 637 (internal quotation marks and citation omitted).

In *Farmer*, we considered whether a prior conviction under California Penal Code § 288(a), Hudson's prior statute of conviction, triggers a sentencing enhancement.[2]  We had little trouble determining that, under our existing precedent, a conviction under § 288(a) categorically involves sexual abuse.  We explained:

> Section 288(a) has two elements: (a) the touching of an underage child's body (b) with a sexual intent. . . . [O]ur cases have established that sexual touching of children younger than fourteen—the precise conduct prohibited by California Penal Code § 288(a)—invariably involves "sexual abuse." This would appear to make this case easy: because California Penal Code § 288(a) categorically involves sexual touching of children under fourteen, and because sexual touching of children under fourteen always involves abuse, California Penal Code § 288(a) must constitute a state law "relating to . . . sexual abuse" for purposes of 18 U.S.C. § 2252A(b)(2).  That we have repeatedly held that California Penal Code § 288(a) categorically involves "sexual abuse of a minor" [in other contexts] . . . further supports this conclusion.

---

[2] Although *Farmer* involved the sentencing enhancement under 18 U.S.C. § 2252A(b)(2), its analysis is equally applicable here as the operative language of the statute is identical to § 2252(b)(2).  Hudson does not contest that his prior conviction is a qualifying predicate under § 2252(b)(2) in light of *Farmer*.

*Id.* at 419–20 (internal quotation marks and citations omitted).

A special concurrence in *Farmer* expressed "concerns with our current approach to defining 'abusive sexual conduct involving a minor' for purposes of determining whether to apply a sentencing enhancement." *Id.* at 422–23 (Bybee, J., concurring). The concurrence faulted earlier precedent for "adopt[ing] uncritically the definition of 'sexual abuse of a minor' we had used to interpret an unrelated immigration statute, without regard for the distinctive structure of § 2252A," which parallels the crimes listed in 18 U.S.C. §§ 2241–43. *Id.* The concurrence advocated for defining "abusive sexual conduct involving a minor or ward" by reference to its federal counterpart in § 2243 and argued that adhering to that definition exclusively would "eliminate the surplusage" and awkward result created by instead defining the terms both according to their ordinary meaning and by reference to § 2243. *Id.* Nevertheless, the concurrence recognized that a three-judge panel was not empowered to alter the statutory interpretation, and our precedent clearly dictated that a conviction under California Penal Code § 288(a) categorically involves "abusive sexual conduct involving a minor." *Id.* at 426.

Subsequent case law has not altered our interpretation of "abusive sexual conduct involving a minor or ward," and, in fact, we have reiterated that, although relevant to analysis, we are not limited to the elements of § 2243 when determining whether a crime constitutes "abusive sexual conduct involving a minor or ward" under § 2252(b)(2). *Sullivan*, 797 F.3d at 637 ("[W]e are not limited to looking to federal statutes to define federal generic offenses where the federal statute uses the same name as a federal generic

offense, [but] such federal statutes nevertheless are relevant to our consideration of whether a particular state statute is one 'relating to' abusive sexual conduct." (internal quotation marks and citations omitted)). Thus, we have continued to define "abusive sexual conduct involving a minor" both in accordance with its ordinary meaning and in reference to the elements of § 2243. *Id.*

### B. *"Relating to."*

We have long recognized that the phrase "relating to" has a broadening effect. *Jaycox*, 962 F.3d at 1069. For purposes of § 2252(b)(2), it means that "our inquiry does not end even if a state offense is not a categorical match" to the generic definitions of "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *Id.* Instead, the prior conviction may trigger the enhancement if it "stands in some relation, bears upon, or is associated with that generic offense." *Sullivan*, 797 F.3d at 638 (quoting *Sinerius*, 504 F.3d at 743). A prior conviction will not trigger the sentencing enhancement, however, if its core substantive element is too far removed from the generic federal offense. *Jaycox*, 962 F.3d at 1070–71.

For example, we have held that a conviction under California Penal Code § 261.5(d), which proscribes any person who is 21 years of age or older from engaging in an act of unlawful sexual intercourse with a minor who is under 16 years of age, is one categorically "relating to . . . abusive sexual conduct involving a minor." *Sullivan*, 797 F.3d at 637–38. The California statute did not include as an element the same mens rea level as its federal counterpart and thus was not a categorical match. *Id.* at 637. We explained, however, that the mens rea element related to the culpability of the defendant rather than the impact on the victim. *Id.* at

640.  "The elements relating to the effect of the offense on the minor indicate that under our generic federal statutory rape definition, sexual conduct is abusive when the minor is under 16 and the defendant is four or more years older."  *Id.* Because the California statute also contained those elements, we concluded that the crime was categorically related to abusive sexual conduct involving a minor.  *Id.*

Several years later, we reached the opposite conclusion when considering a prior conviction under California Penal Code § 261.5(c), which proscribes sexual intercourse with a person under the age of eighteen, who is at least three years younger than the defendant and is not the defendant's spouse.  *Jaycox*, 962 F.3d at 1070–71.  We determined that statute does not categorically relate to abusive sexual conduct involving a minor because the statute "criminalizes conduct not necessarily abusive nor against those ordinarily considered minors for age of consent purposes."  *Id.* at 1070 (internal citations omitted).  We determined that "a core substantive element of the state crime—the age of the participants—is too far removed from the relevant federal generic definitions to be 'related to' them."  *Id.* at 1070–71.

We have adopted a slightly different interpretation of "relating to" when determining whether a child-pornography-related prior conviction triggers the sentencing enhancement.  *Reinhart*, 893 F.3d at 613.  *Reinhart* recognized that "the language of the statute and any related textual restrictions may favor a narrower reading" of the phrase "relating to."  *Id.*  Because the relevant terms "child pornography" and "sexually explicit conduct," unlike the terms "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," are defined in the same statutory chapter as § 2252(b)(2), *Reinhart* determined that the statutory text "tug[s] . . . in favor of a

narrower reading" of "relating to." *Id.* at 615 (quoting *Mellouli v. Lynch*, 135 S. Ct. 1980, 1990 (2015)). Thus, a child-pornography-related prior conviction must be a categorial match to the federal definition to trigger § 2252(b)(2)'s enhancement. *Id.*

With this precedent as our backdrop, we turn to Hudson's specific contentions.

## II. Whether § 2252(b)(2) Is Unconstitutionally Vague.

Hudson posits that § 2252(b)(2) fails to give fair notice of the conduct it proscribes and risks arbitrary enforcement for two reasons: First, employing two definitions of "sexual abuse of a minor" and two interpretations of "relating to" prevents an ordinary person from having fair notice of the conduct that triggers § 2252(b)(2)'s sentence enhancement; second, the "competing definitions" lead to arbitrary and discriminatory application of the statute.[3]

---

[3] "In assessing whether a statute is impermissibly vague, 'the touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal.'" *United States v. Kuzma*, 967 F.3d 959, 967 (2020) (quoting *United States v. Lanier*, 520 U.S. 259, 267 (1997) (emphasis removed)). Absent exceptional circumstances, "a defendant who cannot sustain an as-applied vagueness challenge to a statute cannot be the one to make a facial vagueness challenge to the statute." *Keshem v. Barr*, 941 F.3d 358, 375 (9th Cir. 2019). Although *Keshem* held that a recent line of Supreme Court cases did not alter this general rule, *id.* at 375–76, we later addressed a facial vagueness challenge to two criminal statutes, noting that the same Supreme Court cases "refute[d] the Government's assertion that outside the First Amendment context, only as applied vagueness challenges may be considered," *Kuzma*, 967 F.3d at 971 n.10. Because Hudson's challenge fails whether facial or as applied, we do not decide that issue here.

Hudson is correct that our precedent interpreting "sexual abuse of a minor" has created a two-part definition—one covering the crime of statutory rape proscribed by § 2243 and the other covering sexual abuse crimes in the ordinary sense—both of which inform our analysis under § 2252(b)(2). *See Sullivan*, 797 F.3d at 636–37. Our approach has been the subject of criticism. *Cf. Farmer*, 627 F.3d at 422–26 (Bybee, J., concurring) (arguing that Congress intended solely the definition set forth in § 2243 to define "abusive sexual conduct involving a minor" as it is used in § 2252A(b)(2)). Yet, that criticism does not reveal a constitutional infirmity. Indeed, the two definitions ultimately are "complementary, not inconsistent." *Farmer*, 627 F.3d at 421; *see also Sullivan*, 797 F.3d at 637 ("This definition of 'sexual abuse of a minor' [i.e., the elements of § 2243,] also comports with the ordinary, contemporary, and common meaning of the words sexual abuse of a minor." (internal quotation marks and citation omitted)). And "[w]hether the terms in § 2252(b)(2) are given their generic meaning or are defined in light of their federal counterparts . . . they are unlikely to sweep in the bizarre or unexpected state offenses . . . ." *Lockhart v. United States*, 136 S. Ct. 958, 968 (2016) (internal citations omitted). Absent such risk, the phrase "abusive sexual conduct involving a minor" provides ordinary people with fair notice of the statute's reach and does not raise a constitutional vagueness concern.

The same is true of the phrase "relating to." As we recently explained, "the 'relating to' language . . . has a broadening effect [that] will allow certain flexibility at the margins," but it is not without limits. *Jaycox*, 962 F.3d at 1070. To trigger the sentencing enhancement, the state offense must share a core substantive element of the generic federal definition. *Id.* at 1070–71; *cf. United States v. Schopp*, 938 F.3d 1053, 1066 (9th Cir. 2019) ("relating to"

phrase "does not permit an expansion beyond the substantive linchpin element of the federal generic crime"). Thus, even if that flexibility at the margins could be "an indicator" of an as-applied challenge, it is not an indicator that the statute is impermissibly vague on its face, *see Kuzma*, 967 F.3d at 971, and certainly not as applied to Hudson, *see United States v. Medina-Villa*, 567 F.3d 507, 512–16 (9th Cir. 2009) (California Penal Code § 288(a) is a categorical match to the generic definition of "sexual abuse of a minor").

We are also unpersuaded by Hudson's argument that the definitions of "sexual abuse of a minor" and the broadening effect of the phrase "relating to" risk arbitrary application of § 2252(b)(2). In support of his argument, Hudson relies on a recent line of Supreme Court cases that invalidated on vagueness grounds the so-called residual clauses of several statutory definitions of "violent felony" and "crime of violence," but Hudson fails to show that § 2252(b)(2) presents the same problems as the statutes at issue in those cases.

*Johnson* addressed the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony," which provided that, in addition to several enumerated felonies, a "violent felony" was any other felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 576 U.S. at 594 (quoting 18 U.S.C. § 924(e)(2)(B) (emphasis removed)). To determine whether a particular crime fell under the residual clause, a court was required "to picture the kind of conduct that the crime involves in 'the ordinary case' and to judge whether that abstraction presents a serious potential risk of physical injury." *Id.* at 596.

*Johnson* explained that "[t]wo features of the residual clause conspire to make it unconstitutionally vague." *Id.* at

597.  First, the clause "leaves grave uncertainty about how to estimate the risk posed by a crime."  *Id.*  Second, the clause "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony."  *Id.* at 598.  In reaching its conclusion, the Court noted that "the failure of 'persistent efforts . . . to establish a standard' can provide evidence of vagueness" and recounted the various, failed attempts to create a workable standard under which to analyze whether a crime fell under the residual clause.  *Id.* (quoting *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 91 (1921)).  The "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm[ed] its hopeless indeterminacy."  *Id.*

*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), reached the same conclusion regarding the nearly identical residual clause of 8 U.S.C. § 16's definition of "crime of violence." *Dimaya* held that § 16's residual clause contained the same two elements that conspired to render ACCA's residual clause unconstitutionally vague.  *Id.* at 1214–15.  Like the uncertainty in ACCA's residual clause, the uncertainty in § 16's residual clause also required courts "to picture the kind of conduct that the crime involves in the ordinary case, and to judge whether that abstraction presents some not-well-specified-yet-sufficiently-large degree of risk."  *Id.* at 1216 (internal quotation marks omitted).

The Court applied the same rationale once more to strike down the residual clause of 18 U.S.C. § 924(c)(3)(B)'s definition of "crime of violence."  *United States v. Davis*, 139 S. Ct. 2319, 2326–27 (2019).  *Davis* explained that *Johnson* and *Dimaya* "teach that the imposition of criminal punishment can't be made to depend on a judge's estimation of the degree of risk posed by a crime's imagined 'ordinary case.'"  *Id.* at 2326.

Here, § 2252(b)(2)'s sexual abuse provision does not contain the elements that conspired to render the residual clauses at issue in *Johnson*, *Dimaya*, and *Davis* unconstitutionally vague. The phrases "abusive sexual conduct involving a minor" and "relating to" do not require the court to imagine an ordinary case or assess an unspecified degree of risk posed by that imagined, ordinary case. Nor have courts struggled to create a workable, objective standard for applying § 2252(b)(2). Our analysis is rooted in an elements-based categorical approach and adherence to the ordinary meaning of the statutory words. *See Sullivan*, 797 F.3d at 636–38; *see also Johnson*, 576 U.S. at 597 (explaining that assessing whether a crime fell under ACCA's residual clause went "beyond deciding whether creation of risk is an element of the crime"). Because the elements of the state statutes of conviction are at the core of this court's analysis, there also is no risk of arbitrary enforcement stemming from consideration of the prior conviction's underlying facts, as Hudson contends. *See Jaycox*, 962 F.3d at 1069.

The Third Circuit recently rejected a similar constitutional challenge to § 2252(b)(2). *See United States v. Portanova*, 961 F.3d 252, 262–63 (3d Cir. 2020) (holding phrase "relating to" does not render statute unconstitutionally vague). We join our sister circuit and hold that § 2252(b)(2)'s reference to state crimes "relating to . . . abusive sexual conduct involving a minor" is not unconstitutionally vague.

## CONCLUSION

Section 2252(b)(2)'s application to state crimes "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor" neither fails to give ordinary people notice of its scope nor poses a risk of arbitrary

enforcement.  We, therefore, reject Hudson's constitutional challenge and affirm his sentence.

**AFFIRMED.**