NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-10250 |
| Plaintiff-Appellee, | D.C. Nos. |
| | 3:18-cr-00392-CRB-1 |
| v. | 3:18-cr-00392-CRB |
| NICHOLAS KING BEYER, | |
| | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted January 11, 2022
San Francisco, California

Before:  GOULD, BENNETT, and R. NELSON, Circuit Judges.

Nicholas Beyer appeals four convictions for making false statements to the

Federal Aviation Administration ("FAA") in violation of 18 U.S.C. § 1001 in

applying for Airman Medical Certificates ("AMC").  We have jurisdiction under 28

U.S.C. § 1291 and affirm.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review de novo the sufficiency of the evidence and questions of statutory interpretation. *See United States v. Corrales-Vazquez*, 931 F.3d 944, 947 (9th Cir. 2019). A challenge to the sufficiency of the evidence can succeed "only if, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Tanke*, 743 F.3d 1296, 1300 (9th Cir. 2014). We review de novo a constitutional vagueness challenge, *United States v. Hudson*, 986 F.3d 1206, 1210 (9th Cir. 2021), and a motion to dismiss an indictment on constitutional grounds, *United States v. McCalla*, 545 F.3d 750, 753 (9th Cir. 2008). "Whether the government must establish that the defendant had an independent duty to disclose the requested information to support a violation under [§] 1001 is . . . reviewed de novo." *United States v. De Rosa*, 783 F.2d 1401, 1407 (9th Cir. 1986) (emphasis omitted). A district court's exclusion of expert testimony is reviewed for abuse of discretion. *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997).

1.    In 2016, the Department of Veterans Affairs ("VA") awarded Beyer medical disability benefits, assigning a 50 percent disability rating for "Major Depressive Disorder" and an overall disability rating of 70 percent. Beyer claims that his convictions on Counts 2 and 4 should be reversed because he had no legal duty to disclose to the FAA every single basis for his VA medical disability benefits. He also claims that the evidence at trial was insufficient to prove that he had a duty

to disclose the "purportedly material information" that one reason he was receiving the disability benefit was due to his "Major Depressive Disorder."

18 U.S.C. § 1001(a) states, in relevant part:

(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully— (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not more than 5 years.

"[A] conviction under § 1001(a)(1) is proper where a statute or government regulation requires the defendant to disclose specific information to a particular person or entity." *United States v. White Eagle*, 721 F.3d 1108, 1117 (9th Cir. 2013). "[W]hen a defendant responds to specific questions on a particular topic . . . the defendant's silence is akin to an affirmative misrepresentation, and therefore logically falls within the scope of § 1001's prohibition on false and fraudulent statements." *Id.*

Beyer had a duty to disclose that his diagnosis of "major depressive disorder" was a basis for his medical disability benefits. Question 18M of Form 8500–8, the application form for an AMC, asked "HAVE YOU EVER IN YOUR LIFE BEEN DIAGNOSED WITH . . . [m]ental disorders of any sort: depression, anxiety, etc." Beyer falsely answered "no" to Question 18M in both his 2016 and 2018

3

applications.[1]  Question 18Y asked whether Beyer had ever received medical disability benefits and, if he did, required an explanation.  Although Beyer answered "yes" to 18Y, his explanation identified only his knee injury (2016) and his knee and back injuries (2018) as the bases for his medical disability benefits.  Beyer did not list "major depressive disorder," even though the VA had assigned a 50 percent disability rating for "major depressive disorder" and only a 10 percent rating for every other disability that Beyer claimed, including his knee and back injuries.

Beyer's failure to explain that "major depressive disorder" was one basis for his disability benefits, while listing other bases, was "conceal[ing], [and] cover[ing] up by [a] trick, scheme, or device a material fact," 18 U.S.C. § 1001(a)(1).  Beyer was covering up the material fact of "major depressive disorder" by the trick and device of giving an incomplete 18Y explanation.  The omission was also "silence [that] is akin to an affirmative misrepresentation, and therefore logically falls within the scope of § 1001's prohibition on false and fraudulent statements." *White Eagle*, 721 F.3d at 1117.  This is because disclosing depression as a basis for Beyer's medical disability benefits would have exposed his false answer to 18M that he had never been diagnosed with depression.  Whether Beyer had been diagnosed with

---

[1] These 2016 and 2018 false answers formed the basis for the convictions on Counts 1 and 3.

4

depression is obviously material to an AMC application because aircraft pilots suffering from psychological disorders may pose a threat to the public.[2]

Still, Beyer claims that nothing on Form 8500–8 specifically imposed a duty to disclose in his 18Y "explanation" either that "major depressive disorder" was a basis for his disability payments, or any other "purportedly material information." But Beyer was put on notice several times. First, Beyer had to affirm that "all statements and answers provided by me on this application form are complete and true to the best of my knowledge." Second, a notice next to the button that Beyer had to click to submit his application stated:

> Whoever in any matter within the jurisdiction of any department or agency of the United States knowingly and willingly falsifies, conceals or covers up by any trick, scheme, or device a material fact, or who makes any false, fictitious or fraudulent statements or misrepresentations, or entry, may be fined up to $250,000 or imprisoned not more than 5 years, or both. (18 U.S. Code Secs. 1001, 3571).

Third, Beyer had to affirmatively acknowledge that his answers to Form 8500–8 "will be used by the [FAA] as part of the basis for issuing an [AMC] . . . under [49

---

[2] *See, e.g.*, *Oto v. Airline Training Ctr. Arizona, Inc.*, 247 F. Supp. 3d 1098, 1102 (D. Ariz. 2017) ("[D]espite repeated attempts by the Captain to gain entry into the cockpit, [Andreas] Lubitz intentionally flew the plane into mountainous terrain, killing everyone on board. . . . Lubitz was hospitalized and underwent nine months of psychotherapy for severe depressive episodes . . . . Plaintiffs claim Lubitz lied on his FAA medical application by claiming that he had never been diagnosed with, or presently had, mental disorders including depression and anxiety.").

U.S.C. § 44703(a)]" and "to determine whether you meet the medical standards for [an AMC] under Title 14, [C.F.R.] part 67."

Beyer had ample notice that he could not "explain" he was getting disability benefits for knee and back injuries and yet omit from his 18Y explanation that another reason he was receiving disability benefits was "major depressive disorder." Both the indictment and the government's proof were sufficient.

2.      Beyer also claims, "largely for [the same] reasons," that the convictions on Counts 2 and 4 must be reversed because 18 U.S.C. § 1001 was unconstitutionally vague as applied to him, as he lacked "fair notice" of the required Question 18Y explanation. We reject this claim for the same reasons we rejected Beyer's first claim.

3.      Beyer claims that the district court erroneously excluded the proposed testimony of two expert witnesses. Dr. Cheryl-Grace Patty (who never treated Beyer or communicated with him at the relevant time) would have testified that the VA tended to overdiagnose veterans like Beyer, and had in fact over-diagnosed Beyer with major depression. Dr. Patty's proposed testimony was irrelevant because Form 8500–8 asked whether an applicant was ever diagnosed with depression, not whether an applicant was *correctly* diagnosed. Dr. Charles Denison's proposed testimony was also irrelevant because it would have discussed whether the FAA adequately addresses mental health conditions in pilots. As the district court held, Dr. Denison

"would not (and likely could not) testify that the FAA's decisions and activities are not influenced at all by a previous diagnosis of a mental health condition."

**AFFIRMED.**