**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10288 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00114-APG-DJA-1 |
| v. | |
| DAVID ALAN COHEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted April 15, 2022[**]
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and BOLTON,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

Defendant David Alan Cohen appeals his sentence following his conviction for one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5) and one count of receipt or distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cohen challenges the district court's application of the 18 U.S.C. § 2252A(b)(1) and (2) sentence enhancements, which apply to defendants with a "prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." Ordinarily, we review whether prior convictions support statutory mandatory minimum enhancements de novo. *United States v. Reinhart*, 893 F.3d 606, 610 (9th Cir. 2018). But when, as here, a defendant fails to raise an objection in the district court, the sentence is reviewed for plain error. *United States v. Charles*, 581 F.3d 927, 932 (9th Cir. 2009); *see* Fed. R. Crim. P. 51, 52(b).

1. The district court was not required to make specific factual findings regarding the application of the sentencing enhancement. "A finding that a defendant is eligible for a sentence enhancement ordinarily does not require specific fact-finding." *United States v. Carter*, 219 F.3d 863, 866 (9th Cir. 2000). And under the Federal Rules of Criminal Procedure, the district court is only

2

required to rule on "any disputed portion of the presentence report or other controverted matter." Fed. R. Crim P. 32(i)(3)(B); *see Carter*, 219 F.3d at 866. Because Cohen did not object to the application of the § 2252A(b)(1) and (2) enhancements, the district court did not err by not making specific factual findings on why N.Y. Penal Law § 130.45 qualifies as an offense relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward.

2.      The district court did not commit plain error in applying the mandatory minimum enhancements in 18 U.S.C. § 2552A(b)(1) and (2). Under the categorical approach, we "first define[] the federal generic definition of the crime, and then compare[] the elements of the state offense with that definition." *United States v. Sullivan*, 797 F.3d 623, 635 (9th Cir. 2015) (citing *Taylor v. United States*, 495 U.S. 575 (1990)). We have held that sexual conduct with a child under the age of fourteen is per se abusive because it is "undoubtedly psychologically harmful." *United States v. Jaycox*, 962 F.3d 1066, 1070 (9th Cir. 2020) (quoting *United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009)). There is no question that the New York statute relates to abusive sexual conduct involving a

3

minor and to sexual abuse.[1]  The statute requires contact of a sexual nature and, because the victim must be less than fourteen years old, the conduct is per se abusive.  *See United States v. Farmer*, 627 F.3d 416, 419 (9th Cir. 2010).  Because the entire range of conduct proscribed by § 130.45 necessarily involves sexual abuse and sexual conduct involving a minor, the district court did not err in concluding that N.Y. Penal Law § 130.45 is an offense "relating to aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252A(b)(1), (2).  Because there is no error, Cohen cannot demonstrate a plain error requiring reversal.

**AFFIRMED.**

---

[1]  The version of the statute that Cohen was convicted under states: "A person is guilty of sodomy in the second degree when, being eighteen years old or more, he engages in deviate sexual intercourse with another person less than fourteen years old."  N.Y. Penal Law § 130.45 (McKinney 1965).

The relevant definitional provision defined "deviate sexual intercourse" as "sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and penis, or the mouth and the vulva." *Id.* § 130.00.