**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

OCT 12 2023

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-30167 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00116-JLR-1 |
| v. | |
| DAVID CRAIG MARTIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted October 4, 2023[**]
Seattle, Washington

Before:  WARDLAW and M. SMITH, Circuit Judges, and MATSUMOTO,[***]
District Judge.

David Craig Martin ("Martin") appeals the sentence imposed following his

plea of guilty to one count of Possession of Child Pornography, in violation of 18

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kiyo A. Matsumoto, United States District Judge for the Eastern District of New York, sitting by designation.

U.S.C. § 2252(a)(4). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court correctly concluded that Martin's prior convictions for Child Molestation in the Third Degree in violation of Wash. Rev. Code § 9A.44.098(1) triggered 18 U.S.C. § 2252(b)(2)'s ten-year mandatory minimum sentence. Section 2252(b)(2) provides that a person who is convicted of possession of child pornography under § 2252(a)(4) is subject to a ten-year mandatory minimum sentence if he has "a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct" of a minor. A state law conviction triggers § 2252(b)(2)'s mandatory minimum sentence if the elements of the state crime categorically match the federal generic definition of statutory rape sexual abuse or if the state crime "relates to" the federal generic offense. *United States v. Jaycox*, 962 F.3d 1066, 1069 (9th Cir. 2020). The district court determined that even though Martin's § 9A.44.098(1) convictions are not a categorical match to the generic offense of statutory rape sexual abuse, Martin's convictions nevertheless qualify because they relate to that crime. We agree.

A conviction under § 9A.44.089(1) requires that a person (1) has "sexual contact," (2) with "another who is at least fourteen years old but less than sixteen years old," and (3) "the perpetrator is at least forty-eight months older than the victim." By contrast, the generic definition of statutory rape sexual abuse requires:

2

"(1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor." *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1158 (9th Cir. 2008). As the district court found, the elements of § 9A.44.098(1) do not categorically match the federal generic definition of statutory rape sexual abuse because the mens rea and sexual act elements are overbroad. *See United States v. Martinez*, 786 F.3d 1227, 1232 (9th Cir. 2015) (concluding that § 9A.44.098(1) is not a categorical match to the generic offense because it "criminalize[d] a broader swath of conduct than the relevant generic offense" by criminalizing "touching over clothing as opposed to the generic offense's requirements of skin-to-skin contact") (citations omitted).

2. Nevertheless, § 9A.44.098(1) supports a sentence enhancement under § 2252(b)(2) because it "relate[s] to the generic offense sexual abuse of a minor." *United States v. Sullivan*, 797 F.3d 623, 640 (9th Cir. 2015) (internal quotations omitted). A statute "relates to" a generic offense if it "stands in some relation, bears upon, or is associated with that generic offense." *Id.* at 638 (internal quotations omitted). Martin contends that § 9A.44.098(1) does not "relate to" statutory rape sexual abuse because it is missing the "knowingly" mens rea element required by the generic offense. But "[a]lthough the state offense[] lack[s] the mens rea element noted in *Estrada-Espinoza*, this element relates to the

3

culpability of the defendant, not to the impact of the conduct on the minor." *Id.* at 640. Therefore, even if a statute lacks the mens rea level of "knowingly," it may still "relate to" statutory rape sexual abuse. *Id.* "The elements relating to the effect of the offense on the minor indicate that under our generic federal statutory rape definition, sexual conduct is abusive when the minor is under 16 and the defendant is four or more years older." *Id.* A § 9A.44.098(1) conviction requires that the victim is less than sixteen years old, and that the defendant be at least four years older than the victim. Thus, the district court correctly concluded that Martin's convictions under § 9A.44.098(1) qualify as offenses "relating to" sexual abuse of a minor for purposes of § 2252(b)(2). *See id.*

3.  Martin further argues that a § 9A.44.098(1) conviction omits the requisite element of a "sexual act" because it does not require skin-to-skin contact with a minor's genitals, but instead, criminalizes acts that are not abusive or sexual, such as "consensual touching of the face or stomach, over clothes." We conclude, however, that § 9A.44.098(1) nevertheless "relates to" statutory rape sexual abuse. A state offense may "relate to" sexual abuse of a minor when it does not require skin-to-skin touching, so long as it involves sexual conduct with a minor under sixteen and a defendant who is four or more years older. *Id.* at 641 ("because the term 'relating to' carries a broad ordinary meaning, a state conviction for lascivious acts with children [is] an offense 'relating to' sexual abuse, even though

4

the state offense [does] not include the element of physical contact required for the generic federal offenses.") (internal quotations omitted).  Therefore, the district court correctly concluded that Martin's convictions under § 9A.44.098(1) "relate to" sexual abuse of a minor triggering the mandatory minimum under § 2252(b)(2).

**AFFIRMED.**