**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERTO AZAEL LEON PEREZ, | No. 23-204 |
| *Petitioner*, | Agency No. A205-041-313 |
| v. | |
| | OPINION |
| MERRICK B. GARLAND, Attorney General, | |
| *Respondent*. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 5, 2024
Las Vegas, Nevada

Filed June 28, 2024

Before: Milan D. Smith, Jr., Mark J. Bennett, and Daniel P.
Collins, Circuit Judges.

Opinion by Judge Bennett

## SUMMARY[*]

### Immigration

Denying Gilberto Azael Leon Perez's petition for review of a decision of the Board of Immigration Appeals, the panel held that the offense of attempted lewdness with a child under the age of 14, in violation of Nev. Rev. Stat. §§ 193.330 and 201.230(2), constitutes an attempted "sexual abuse of a minor" aggravated felony that rendered Leon Perez removable.

The panel held that this circuit's precedent in *United States v. Medina-Villa*, 567 F.3d 507 (9th Cir. 2009), setting out the generic definition of sexual abuse of a minor, is not clearly irreconcilable and is indeed consistent with *Esquivel-Quintana v. Sessions*, 581 U.S. 385 (2017). The generic definition requires proof of 1) sexual conduct, 2) with a minor, 3) that constitutes abuse. The panel explained that *Esquivel-Quintana* involved the narrow holding that, in the context of statutory rape offenses focused solely on the age of the participants (in that case, 21 and 17 years old), the generic federal definition of sexual abuse of a minor requires that the victim be less than 16 years old.

The panel further held that the BIA did not err in concluding that Leon Perez's conviction was a categorical match to *Medina-Villa*'s generic definition of attempted sexual abuse of a minor aggravated felony that rendered petitioner removable.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Alissa A. Cooley Yonesawa (argued), Thomas & Mack Legal Clinic, William S. Boyd School of Law, University of Nevada, Las Vegas, Nevada, for Petitioner.

Craig A. Newell, Jr. (argued), Senior Litigation Counsel Criminal Immigration Team, Office of Immigration Litigation, Civil Division; Jennifer J. Keeney, Assistant Director; Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division; United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

BENNETT, Circuit Judge:

The Immigration and Nationality Act ("INA") authorizes the removal of any noncitizen who, after admission to the United States, "is convicted of an aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii). The INA defines "aggravated felony" to include, among other offenses, "sexual abuse of a minor," *id.* § 1101(a)(43)(A), and "an attempt . . . to commit [sexual abuse of a minor]," *id.* § 1101(a)(43)(U). The Department of Homeland Security ("DHS") charged petitioner Gilberto Azael Leon Perez as removable based on his conviction following a guilty plea to attempted lewdness with a child under the age of 14 in violation of Nev. Rev. Stat. §§ 193.330,[1] 201.230(2). An immigration judge ("IJ"), applying Ninth

---

[1] Nev. Rev. Stat. § 193.330 was renumbered as § 193.153 on October 1, 2021, after Leon Perez's conviction.

Circuit precedent, found that the conviction was for an attempted aggravated felony that rendered Leon Perez removable from the United States.  Leon Perez appealed to the Board of Immigration Appeals ("BIA"), which dismissed the appeal, thus affirming the IJ's removal order. Leon Perez petitions for review.

We must decide whether our precedent, which sets out the generic definition of sexual abuse of a minor, is clearly irreconcilable with *Esquivel-Quintana v. Sessions*, 581 U.S. 385 (2017).  We hold that it is not.  Because we also hold that the BIA did not err in concluding that Leon Perez's conviction categorically constituted an attempted "sexual abuse of a minor" aggravated felony that renders him removable, we deny his petition for review.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Leon Perez is a 26-year-old native and citizen of Mexico. In April 2014, he was admitted to the United States on a U-3 nonimmigrant visa with permission to remain until May 20, 2016.  In 2018, Leon Perez successfully filed for adjustment of status and became a legal permanent resident.

In 2022, Leon Perez was convicted of attempted lewdness with a child under the age of 14 in violation of Nev. Rev. Stat. §§ 193.330, 201.230(2) and, not pertinent to this appeal, attempted incest in violation of Nev. Rev. Stat. §§ 193.330, 201.180. [2]   He was sentenced to a term of

---

[2] Nev. Rev. Stat. § 201.230(2) provides:

> [A] person who commits lewdness with a child under the age of 14 years is guilty of a category A felony and shall be punished by imprisonment in the state prison for life with the possibility of parole, with eligibility for parole beginning when a minimum

between 72 and 180 months in prison, but the court suspended the sentence and placed Leon Perez on probation.

On August 4, 2022, DHS issued Leon Perez a Notice to Appear ("NTA"). The NTA charged him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony as defined under 8 U.S.C. § 1101(a)(43)(A), *i.e.*, "sexual abuse of a minor." DHS later amended the NTA, charging Leon Perez with having been convicted of a different aggravated felony, "an attempt . . . to commit [sexual abuse of a minor]," as defined in 8 U.S.C. § 1101(a)(43)(U).

The IJ first found that the Nevada attempt statute is a categorical match to 8 U.S.C. § 1101(a)(43)(U). The IJ then found that Nev. Rev. Stat. § 201.230, while overbroad, is a divisible statute with respect to the age of the victim:

> And so, as to the, 201.230(2), that conviction requires that the minor be under 14 years old, and you inquired as to the divisibility in whether the modified categorical approach

---

of 10 years has been served, and may be further punished by a fine of not more than $10,000.

Nev. Rev. Stat. § 193.330 provides:

1. An act done with the intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime. A person who attempts to commit a crime, unless a different penalty is prescribed by statute, shall be punished as follows:

(a) If the person is convicted of:

(1) Attempt to commit a category A felony, for a category B felony by imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of not more than 20 years.

applied. And—so the court finds, because of the age differentiations made within the statute, that that—*in the manner in which he was convicted, as far as the age being under 14*, that that supports, that that is an element, because it requires that the age be found. That is an element of that statute. And so, it's been established that while the statute is overbroad, it is divisible. And again, that is why the court applied the modified categorical approach.

(emphasis added). The IJ applied the modified categorical approach and determined that Leon Perez was convicted under subsection (2) of Nev. Rev. Stat. § 201.230, which requires the victim to be under the age of 14. Finally, the IJ applied Ninth Circuit precedent and found that Leon Perez's conviction for attempted lewdness with a child under the age of 14 constituted an attempted aggravated felony that rendered him removable.

On appeal to the BIA, Leon Perez did not dispute that Nevada's attempt offense constitutes a generic attempt for purposes of 8 U.S.C. § 1101(a)(43)(U). The BIA rejected Leon Perez's argument that the generic definition of sexual abuse of a minor is exclusively defined by 18 U.S.C. § 2243(a).[3] Instead, the BIA applied one of the two Ninth

---

[3] 18 U.S.C. § 2243(a) provides:

(a) Of a Minor.—Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement

Circuit generic definitions of sexual abuse of a minor, which encompasses conduct that: (1) is sexual, (2) involves a minor, and (3) is abusive. *See Mero v. Barr*, 957 F.3d 1021, 1023 (9th Cir. 2020).[4] And the BIA correctly noted that in the Ninth Circuit, sexual conduct with a child younger than 14 is "per se abusive." *See United States v. Rocha-Alvarado*, 843 F.3d 802, 808 (9th Cir. 2016), *cert. denied*, 581 U.S. 1019 (2017).[5]

The BIA next found that the elements of the lewdness offense under Nev. Rev. Stat. § 201.230(2) are a categorical match to the three elements under the Ninth Circuit's generic definition of sexual abuse of a minor. As to the first element, the BIA determined that "[§] 201.230 explicitly prohibits conduct that is carried out 'with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child,' thereby involving 'sexual motivation' on the defendant's behalf and satisfying

---

with the head of any Federal department or agency, knowingly engages in a sexual act with another person who—

> (1) has attained the age of 12 years but has not attained the age of 16 years; and

> (2) is at least four years younger than the person so engaging;

or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.

[4] As discussed below, we refer to this generic definition of sexual abuse of a minor as the *Medina-Villa* generic definition.

[5] The BIA also noted that the Ninth Circuit has held that the Supreme Court's holding and its discussion of the generic definition of "sexual abuse of a minor" in *Esquivel-Quintana v. Sessions*, 581 U.S. 385 (2017), only applies to statutory rape offenses. *See Quintero-Cisneros v. Sessions*, 891 F.3d 1197, 1200 (9th Cir. 2018).

the requirement that the conduct be 'sexual.'" *See Quintero-Cisneros v. Sessions*, 891 F.3d 1197, 1202 (9th Cir. 2018). The BIA found that, contrary to Leon Perez's contention, "[p]hysical contact between the perpetrator and victim is not dispositive" when the conduct is committed for the purposes of sexual gratification and the child is the direct object of the perpetrator's actions. *See Mero*, 957 F.3d at 1023. The BIA also determined that the third element was satisfied because the minor victim was under the age of 14, and thus the conduct was "per se abusive."

## II. DISCUSSION

"Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). "One of the many crimes that constitutes an aggravated felony under the INA is 'sexual abuse of a minor.'" *Esquivel-Quintana*, 581 U.S. at 387–88 (quoting 8 U.S.C. § 1101(a)(43)(A)). Another is an "attempt . . . to commit [such] an [aggravated felony] offense." 8 U.S.C. § 1101(a)(43)(U).

The INA does not expressly define sexual abuse of a minor. To determine whether Leon Perez's Nevada state court conviction for attempted lewdness with a child under the age of 14 constitutes an attempted "sexual abuse of a minor" aggravated felony, we employ the "categorical approach." *See Mero*, 957 F.3d at 1022; *Quintero-Cisneros*, 891 F.3d at 1200. We "'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions'" when comparing a conviction to a particular federal generic offense. *Descamps v. United States*, 570 U.S. 254, 261 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).

For the limited purpose of "help[ing to] implement the categorical approach," *id.* at 263, the Supreme Court has recognized a "narrow range of cases" in which courts may apply the "modified categorical approach," *id.* at 261 (quoting *Taylor*, 495 U.S. at 602). The modified categorical approach allows us to look beyond the statutory text to a limited set of documents to determine the elements of the state offense of conviction when certain alternative elements of the state crime would match the federal generic crime, and others would not. *See id.* at 262. The *Descamps* Court explained that the modified categorical approach may be used only when a statute is divisible—*i.e.*, "lists multiple, alternative elements, and so effectively creates 'several different . . . crimes.'" *Id.* at 264 (alteration in original) (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)).

Leon Perez does not dispute that Nev. Rev. Stat. § 193.330 is a categorical match to the generic definition of attempt in 8 U.S.C. § 1101(a)(43)(U). Nor does he dispute that Nev. Rev. Stat. § 201.230 is a divisible statute with respect to whether the victim was under the age of 14. Thus, the only issue for us to decide is whether the offense of lewdness with a child under the age of 14 under Nev. Rev. Stat. § 201.230(2) constitutes "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A).

"We have developed two definitions specifying the elements of the federal generic offense of sexual abuse of a minor." *Quintero-Cisneros*, 891 F.3d at 1200. The first was set forth in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc), *overruled on other grounds as recognized by Ho Sang Yim v. Barr*, 972 F.3d 1069, 1082 (9th Cir. 2020), and applies to statutory rape types of offenses ("*Estrada-Espinoza* generic definition").

*Quintero-Cisneros*, 891 F.3d at 1200. **[6]** "The second definition, which applies to all other offenses," *id.*, was first set forth in *United States v. Medina-Villa*, 567 F.3d 507 (9th Cir. 2009), and then clarified in *Quintero-Cisneros*, 891 F.3d at 1200, and *Mero*, 957 F.3d at 1023 ("*Medina-Villa* generic definition"). The *Medina-Villa* generic definition "requires proof of three elements: '(1) sexual conduct, (2) with a minor, (3) that constitutes abuse.'" *Mero*, 957 F.3d at 1023 (quoting *Quintero-Cisneros*, 891 F.3d at 1200). "[A] state offense will be a categorical match for 'sexual abuse of a minor' if it fits *either* definition." *United States v. Farmer*, 627 F.3d 416, 421 (9th Cir. 2010).

### A. The *Medina-Villa* Generic Definition Is Not Clearly Irreconcilable with *Esquivel-Quintana*.

The government argues that the BIA correctly applied the *Medina-Villa* generic definition. Leon Perez, however,

---

[6] We have established these elements for the *Estrada-Espinoza* generic definition: "(1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor." *Estrada-Espinoza*, 546 F.3d at 1152, 1158. We took those elements from 18 U.S.C. § 2243:

> We begin by determining the generic elements of the crime "sexual abuse of a minor." In the absence of specific congressional guidance as to the elements of a crime, courts have been left to determine the "generic sense in which the term is now used in the criminal codes of most States." Fortunately, we are not faced with that circumstance here because Congress has enumerated the elements of the offense of "sexual abuse of a minor" at 18 U.S.C. § 2243.

*Estrada-Espinoza*, 546 F.3d at 1152 (citation omitted) (quoting *Taylor*, 495 U.S. at 598).

essentially argues that we should overrule the *Medina-Villa* generic definition because it is clearly irreconcilable with intervening higher authority: *Esquivel-Quintana*, 581 U.S. 385. Leon Perez argues that after overruling the *Medina-Villa* generic definition, our next step should be comparing the Nevada offense to 18 U.S.C. § 2243(a).

Nev. Rev. Stat. § 201.230 punishes "any lewd or lascivious act." *Id.* § 201.230(1)(a). Leon Perez argues that the generic definition of sexual abuse of a minor in 18 U.S.C. § 2243 (the *Estrada-Espinoza* generic definition) requires, "at minimum, intentional touching of genitalia underneath [the minor's] clothing." *See* 18 U.S.C. § 2246(2)(A)–(D) (defining "sexual act" as an act involving actual physical contact with genitalia or the anus, *id.* § 2246(2)(A)–(C), or "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years," *id.* § 2246(2)(D)). Leon Perez contends that because the *Medina-Villa* generic definition can no longer be used, and because the Nevada statute punishes a wider range of conduct than the *Estrada-Espinoza* generic definition, the Nevada statute is overbroad. Thus, according to Leon Perez, his conviction is not for an aggravated felony and cannot render him removable.

We need not decide whether Leon Perez is correct in arguing that Nev. Rev. Stat. § 201.230(2) is not a categorical match to 18 U.S.C. § 2243, as we decline to overrule the *Medina-Villa* generic definition. Even assuming there is doubt as to whether we have *already* affirmed that the *Medina-Villa* generic definition is fully consistent with *Esquivel-Quintana*, we clarify today that the *Medina-Villa* generic definition *is* consistent with (and certainly not irreconcilable with) *Esquivel-Quintana*.

First, the Court's decision in *Esquivel-Quintana* is narrow. The Court was "decid[ing] whether a conviction under a state statute criminalizing consensual sexual intercourse between a 21-year-old and a 17-year-old qualifies as sexual abuse of a minor under the INA." *Esquivel-Quintana*, 581 U.S. at 388. The Court held that "*in the context of statutory rape offenses focused solely on the age of the participants*, the generic federal definition of 'sexual abuse of a minor' under § 1101(a)(43)(A) requires the age of the victim to be less than 16." *Id.* at 398 (emphasis added). The Court considered a "closely related federal statute, 18 U.S.C. § 2243[(a)]," finding that it "provide[d] further evidence that the generic federal definition of sexual abuse of a minor incorporates an age of consent of 16." *Id.* at 394.

But the Court neither established a complete generic definition for "sexual abuse of a minor," nor even suggested that § 2243(a) should provide the exclusive generic definition for "sexual abuse of a minor." Instead, the Court cabined its holding to "the context of statutory rape offenses focused solely on the age of the participants." *Id.* at 398. In reaching its holding, the Court cautioned against "import[ing] [§ 2243(a)] wholesale into the INA." *Id.* at 395. "One reason," as the Court noted, is that "the INA does not cross-reference § 2243(a), . . . [while] other aggravated felonies in the INA *are* defined by cross-reference to other provisions of the United States Code." *Id.* (emphasis added)*.* "Another" reason "is that § 2243(a) requires a 4-year age difference between the perpetrator and the victim," and "[c]ombining that element with a 16-year age of consent would categorically exclude the statutory rape laws of most [s]tates." *Id.* For these two reasons, the Court "rel[ied] on § 2243(a) for evidence of the meaning of sexual abuse of a

minor, but *not as providing the complete or exclusive definition*." *Id.* (emphasis added).

The narrow holding of *Esquivel-Quintana* thus does not impact or undermine our reliance on the *Medina-Villa* generic definition for all other sex offenses involving children, other than the type of offense explicitly addressed in *Esquivel-Quintana*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) ("[T]he relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable.").

Indeed, the Court's refusal to treat § 2243(a) "as providing the complete or exclusive definition" of sexual abuse of a minor, *Esquivel-Quintana*, 581 U.S. at 395, is consistent with what we originally noted in *Medina-Villa*. There, we had to decide whether a California state offense similar to the one here constituted "sexual abuse of a minor" and thus was a "crime of violence" that warranted a sixteen-level increase under U.S.S.G. § 2L1.2. *Medina-Villa*, 567 F.3d at 509. Holding that it did, we noted that "one of the elements of the generic offense that we extrapolated from § 2243 is that the minor be between the ages of twelve and sixteen," and "[i]f the generic elements articulated in *Estrada-Espinoza* comprise all the conduct constituting 'sexual abuse of a minor,' then no child under the age of twelve would be contemplated by the term 'minor,' and sexual crimes against children under twelve would not be 'crimes of violence' subjecting the offenders to a sixteen-level increase." *Id.* at 516.

Second, we have already reaffirmed—if not directly stated—the applicability of the *Medina-Villa* generic definition in two post-*Esquivel-Quintana* opinions. In both

*Quintero-Cisneros*, 891 F.3d at 1200, and *Mero*, 957 F.3d at 1022–23, we explicitly referenced *Esquivel-Quintana*, while reiterating that the Ninth Circuit has "developed two different definitions of 'sexual abuse of a minor,' one applicable to statutory rape offenses, the other applicable to all other offenses," *Mero*, 957 F.3d at 1023; *see also Quintero-Cisneros*, 891 F.3d at 1200 ("We have developed two definitions specifying the elements of the federal generic offense of sexual abuse of a minor. The first definition is not relevant for our purposes, as it applies mainly to statutory rape offenses.").

Third, we find persuasive the decisions by other circuit courts which have also recognized that *Esquivel-Quintana* did not impact their prior precedent on the generic definition of "sexual abuse of a minor," except in their application to statutory rape types of offenses. For example, in *Cabeda v. Attorney General*, 971 F.3d 165 (3d Cir. 2020), the Third Circuit held:

> While there is a lot to learn from the Supreme Court's *Esquivel-Quintana* decision, the primary take-away for the present matter is that the Court very deliberately ruled narrowly. It did not purport to establish a full definition of "sexual abuse of a minor," and it did not, in either purpose or effect, undermine our existing precedent in *Restrepo* [*v. Attorney General*, 617 F.3d 787 (3rd Cir. 2010)] in a way that would permit us to ignore that precedent.

*Id.* at 171. The Second and Seventh Circuits have reached similar conclusions. *See Acevedo v. Barr*, 943 F.3d 619, 623

(2d Cir. 2019) (holding that *Esquivel-Quintana* did not impact the Second Circuit's prior grant of deference to the BIA's reliance on 18 U.S.C. § 3509(a)(8) as the generic definition for sexual abuse of a minor); *Correa-Diaz v. Sessions*, 881 F.3d 523 (7th Cir. 2018) (explaining that the Supreme Court "declined to rule more broadly on the generic federal definition," *id.* at 527, and decided only "one precise question: the definition of 'minor' under § 1101(a)(43)(A) in the context of statutory rape offenses focused solely on the age of the participants," *id.* at 528).

Because the *Medina-Villa* generic definition is not clearly irreconcilable—and is indeed consistent—with *Esquivel-Quintana*, it remains a controlling test that we must apply. *See Miller*, 335 F.3d at 900.

## B. The BIA Did Not Err in Its Categorical Analysis.

Leon Perez was convicted under Nev. Rev. Stat. § 193.330 (the attempt statute) and § 201.230(2). Under Nev. Rev. Stat. § 201.230(1)(a), a defendant is guilty of the offense of lewdness with a child if the defendant "[i]s 18 years of age or older" and "willfully and lewdly commit[ted] any lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body, or any part or member thereof, of a child under the age of 16 years, with the intent of arousing, appealing to, or gratifying, the lust or passions or sexual desires of that person or of that child." When the victim of the lewdness offense is under the age of 14, then subsection (2) of Nev. Rev. Stat. § 201.230 applies: "[A] person who commits lewdness with a child under the age of 14 years is guilty of a category A felony . . . ." *Id.* § 201.230(2). Again, we need not decide whether Nev. Rev. Stat. § 201.230(2) is a categorical match to the *Estrada-*

*Espinoza* generic definition, because it is a categorical match to the *Medina-Villa* generic definition.

The *Medina-Villa* generic definition of sexual abuse of a minor "requires proof of three elements: '(1) sexual conduct, (2) with a minor, (3) that constitutes abuse.'" *Mero*, 957 F.3d at 1023 (quoting *Quintero-Cisneros*, 891 F.3d at 1200).

The first element—"sexual conduct"—of the *Medina-Villa* generic definition is satisfied because Nev. Rev. Stat. § 201.230 includes a *mens-rea* requirement that the perpetrator's intent be one "of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child." *Id.* § 201.230(1)(a); *see Rocha-Alvarado*, 843 F.3d at 808. In *Rocha-Alvarado*, we held that a conviction under a similar Oregon statute "necessarily involves conduct that is 'sexual.'" 843 F.3d at 808. That is because "[t]he Oregon statute require[d] simply that the touching was done for the purpose of sexual gratification, placing the focus on the intent rather than the manner of the touching." *Id.* "[R]egardless of the manner of touching, i.e., outside or inside of the clothes, the Oregon statute . . . criminalizes conduct that is sexual as it expressly defines 'sexual contact' through its relation to sexual gratification." *Id.*

The second element—"with a minor"—is also satisfied. That generic element asks "whether the statute protects a minor." *Medina-Villa*, 567 F.3d at 513. And here, the statute protects minors, as it requires the victim of the sexual conduct to be a minor. *See* Nev. Rev. Stat. § 201.230(2) (applying to offenses under § 201.230 in which the victim is under the age of 14).

The third element—"that constitutes abuse"—is also satisfied. The sexual conduct prohibited by Nev. Rev. Stat.

§ 201.230(2) is per se abusive because the victim must be a child under the age of 14. *See Quintero-Cisneros*, 891 F.3d at 1202 ("We have held that sexual conduct involving children under the age of 14 is *per se* abusive.").[7] Leon Perez argues that our reliance on the "per se abusive" Ninth Circuit precedent is incorrect because "it absolves courts of their obligation to apply the categorical approach and it misapplies the precedent from which it originated." But Leon Perez points to no "change in the relevant statutes or regulations, nor in any governing authority, notably an intervening decision of the Supreme Court." *United States v. Ramos-Medina*, 706 F.3d 932, 938 (9th Cir. 2013). "Absent such a change, only an en banc panel of our court may overrule or revise the binding precedent established by a published opinion." *Id.* at 938–39. We are thus bound to apply this court's "per se abusive" line of precedent. *See supra* Note 7.

Because Nevada's offense of lewdness with a child under the age of 14 under Nev. Rev. Stat. § 201.230(2) categorically matches all three elements of the *Medina-Villa* generic definition of "sexual abuse of a minor," Leon Perez's conviction for attempting to commit that offense qualifies as

---

[7] *See Rocha-Alvarado*, 843 F.3d at 808 ("[O]ur precedent establishes that sexual contact with a child below the age of fourteen is per se abusive."); *see also United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 (9th Cir. 2010) ("Sexual conduct with younger children is per se abusive."); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 (9th Cir. 2003) ("[U]se of young children as objects of sexual gratification [as prohibited by former Nev. Rev. Stat. § 201.230] is corrupt, improper, and contrary to good order. It constitutes maltreatment, no matter its form.") (reaching the same conclusion on a pre-2015 version of the same statute that only applied to offenses involving victims under the age of 14).

an attempted "sexual abuse of a minor" aggravated felony that renders him removable from the United States.

## III.   CONCLUSION

The *Medina-Villa* generic definition remains controlling as it is not clearly irreconcilable—and is indeed consistent— with *Esquivel-Quintana*, 581 U.S. 385.  And the BIA did not err in concluding that Leon Perez's conviction categorically constituted an attempted "sexual abuse of a minor" aggravated felony that renders him removable.

**PETITION FOR REVIEW DENIED.**