**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2288 |
| *Plaintiff - Appellee*, | D.C. No. 3:19-cr-05000-BHS-1 |
| v. | |
| LAMAR ALLEN THOMPSON, | OPINION |
| *Defendant - Appellant*. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted October 21, 2024
Portland, Oregon

Filed February 10, 2025

Before: David F. Hamilton,[*] Lawrence VanDyke, and
Holly A. Thomas, Circuit Judges.

Opinion by Judge VanDyke

---

[*] The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

# SUMMARY[**]

## Criminal Law

The panel affirmed a sentence imposed for Lamar Allen Thompson's convictions for production and possession of child pornography.

An individual convicted under 18 U.S.C. § 2251(a) for production of child pornography is subject to a mandatory term of imprisonment of at least 15 years. Under 18 U.S.C. § 2251(e), that mandatory term is increased to at least 25 years if that individual "has one prior conviction ... under the laws of any State relating to aggravated sexual abuse, sexual abuse, [or] abusive sexual contact involving a minor or ward."

Thompson contended that his prior 2016 Washington state conviction for first-degree child molestation under Washington Revised Code § 9A.44.083 should not have triggered the 10-year increase under § 2251(e) to his mandatory minimum sentence. Reviewing de novo, the panel disagreed and held that § 9A.44.083 either categorically matches or relates to the predicate generic offenses in § 2251(e), thus triggering the increase.

Thompson also argued that the district court erred by declining to recommend whether Thompson should serve his federal sentence concurrently with certain anticipated state sentences. Because Thompson did not make this argument in the district court, the panel applied plain error review and

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

concluded that the district court's decision not to make any recommendation was not plain error.

## COUNSEL

Michael S. Morgan (argued), Matthew P. Hampton, Karyn Johnson, and Teal L. Miller, Assistant United States Attorneys; Tessa A. Gorman, United States Attorney; Office of the United States Attorney, United States Department of Justice, Seattle, Washington; Zachary W. Dillon, Assistant United States Attorney, Office of the United States Attorney, United States Department of Justice, Tacoma, Washington; for Plaintiff-Appellee.

Phil Brennan (argued), Seattle, Washington, for Defendant-Appellant.

## OPINION

VANDYKE, Circuit Judge:

Appellant Lamar Allen Thompson ("Thompson") was convicted for production and possession of child pornography. He now challenges the 28-year term of imprisonment that the district court imposed for his convictions. First, Thompson contends that a 2016 Washington child molestation conviction should not have triggered a 10-year increase to his mandatory minimum sentence. We disagree and hold that the Washington statute under which Thompson was convicted is either a categorical match to, or at least relates to, the predicate generic offenses in 18 U.S.C. § 2251(e), thus triggering the increase. Second, Thompson argues that the district court erred by declining to recommend whether Thompson should serve his federal sentence concurrently with certain anticipated state sentences. But because Thompson did not make this argument in the district court, we must apply plain error review. And we conclude that the district court's decision not to make any recommendation was not plain error. We therefore affirm Thompson's sentence.

## I.

Thompson is 42 years old. In 2016, he was convicted in King County, Washington, for child molestation in the first degree.[1] He was sentenced to 80 months of imprisonment, with 68 months suspended, and lifetime supervision.

---

[1] At the time of Thompson's offense, the statute provided: "[a] person is guilty of child molestation in the first degree when the person has, or knowingly causes another person under the age of eighteen to have,

Less than two years after Thompson was released, a coworker found child pornography on Thompson's phone. The coworker gave the phone to local authorities, who determined the phone had thousands of images and videos of child pornography—some of which Thompson created—including images of him sexually touching his 10-year-old stepdaughter and his friend's 8-year-old daughter.

Thompson was then arrested for violating the terms of his supervised release. He was indicted in the Western District of Washington on January 9, 2019. A superseding indictment was filed on February 1, 2023, charging Thompson with two counts of production of child pornography under 18 U.S.C. § 2251(a) and one count of possession of child pornography under § 2252(a)(4)(B). Thompson pled guilty to all three counts.

The district court held Thompson's sentencing hearing on September 11, 2023. As part of his sentencing, the government and Thompson disputed whether his 2016 King County conviction triggered a 10-year increase in the mandatory minimum for the first count of production of child pornography.[2] 18 U.S.C. § 2251(e) provides that a defendant convicted of child pornography offenses under § 2251(a)—as Thompson was here—shall be imprisoned "not less than 15 years nor more than 30 years" unless that person has a conviction under federal law "or under the laws

---

sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." Wash. Rev. Code § 9A.44.083 (2014).

[2] While the indictment's second count is for the same offense, the parties agree that the enhancement does not apply to that count because Thompson's 2016 Washington conviction occurred after the conduct at issue.

of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children" then that person shall be imprisoned "not less than 25 years nor more than 50 years." § 2251(e). Thompson argued that his 2016 King County conviction for child molestation was not a prior conviction for one of the predicate offenses and thus did not trigger the 10-year increase. The district court held otherwise. It concluded that the "King County 2016 conviction of child molestation first degree relates to sexual abuse of a minor."

While this federal case has proceeded, Washington also initiated separate state proceedings against Thompson.[3] King County initiated proceedings to revoke Thompson's suspended sentence for his 2016 child molestation conviction, and his suspended sentence was ultimately revoked on December 19, 2023. And Pierce County indicted Thompson for rape of a child in the first degree and for child molestation in the first degree.

Given the state proceedings, Thompson requested the district court to order "that his federal sentence run concurrent to both his King County sentence … as well as any sentence imposed by Pierce County for the pending case should he be convicted of the same." The district court noted that it could make a recommendation, but the decision would

---

[3] The government filed a motion requesting judicial notice of filings from Thompson's state court cases, including the King County judgment and order revoking the suspended portion of Thompson's sentence, and Pierce County's information and amended information. Because the motion is unopposed and the records are from "proceedings in other courts" that "have a direct relation to matters at issue," *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244 (9th Cir. 1992)), we grant the government's motion.

ultimately be up to the state courts, since—as later-in-time sentencing courts—they would decide whether the sentences would be served concurrently. Thompson agreed with the court's statement that the decision would be up to the state courts.

The district court also asked the government for its position on concurrency. The government "oppose[d] any concurrent recommendation" and "urge[d] the district court to leave the judgment silent on that point." In response, the district court stated on the record "[t]hat's what I'm going to do. I am not going to make a recommendation one way or another with regard to that." Thompson did not object to the district court's decision.

The district court then sentenced Thompson to 336 months of imprisonment. Thompson timely appealed on September 15, 2023.

## II.

We review de novo whether a prior conviction supports 18 U.S.C. § 2251(e)'s mandatory minimum enhancement. *See United States v. Hudson*, 986 F.3d 1206, 1210 (9th Cir. 2021). We may affirm "on any ground supported by the record even if it differs from the rationale of the district court." *United States v. Munoz*, 57 F.4th 683, 686 (9th Cir. 2023) (citation omitted).

Our court generally reviews a district court's decision to impose concurrent or consecutive sentences for an abuse of discretion. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). But the parties disagree whether this general rule governs the standard of review here.

Thompson argues that de novo review should apply "because the district court failed to recognize its authority"

to order that the sentence run concurrently.  But the district court *did* acknowledge that it had the authority to make a concurrency recommendation, while noting that the state courts would ultimately decide whether Thompson's sentences would be concurrent or consecutive.  Thompson agreed with the court's explanation.  The district court's discussion and ultimate decision shows that it was aware of the authority to rule regarding concurrency, and de novo review does not apply.

For its part, the government argues that plain error review applies because Thompson never made the argument to the district court that he now asserts on appeal.  Thompson argues on appeal that the district court de facto ruled on the issue by leaving the judgment silent as to concurrency. Because, Thompson argues, 18 U.S.C. § 3584(a)'s default rule provides that "terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently" the court's abstention does have the practical effect of denying concurrency.  To put it another way: by *declining* to rule, Thompson argues the court in fact *did* rule, which was itself error.

But Thompson never made that argument below.  Nor did he even object to the district court's decision not to make a recommendation.  Rather, Thompson was silent when the government "urge[d] the district court to leave the judgment silent on that point," and the district court stated on the record "I am not going to make a recommendation one way or another with regard to that."  Because Thompson's

argument "was not brought to the court's attention," we must apply plain error review. Fed. R. Crim. P. 52(b).[4]

To obtain relief under plain error review, Thompson must show that "there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Farias-Contreras*, 104 F.4th 22, 27–28 (9th Cir. 2024) (en banc) (citation omitted). "An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *United States v. Charles*, 581 F.3d 927, 933–34 (9th Cir. 2009) (citation omitted).

## III.

An individual convicted under 18 U.S.C. § 2251(a) for production of child pornography is subject to a mandatory term of imprisonment of at least 15 years. But that mandatory term is increased to at least 25 years if that individual "has one prior conviction ... under the laws of any

---

[4] In reply, Thompson also argues we should apply the exception to plain error review for cases that present "a question that is purely one of law … where the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *United States v. McAdory*, 935 F.3d 838, 841–42 (9th Cir. 2019). To the extent this exception would apply, we decline to exercise our discretion to apply it "in light of the specific circumstances of the current appeal." *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 426–27 (9th Cir. 2011). "[A] reasoned decision from the District Court, made after the parties have presented their respective positions, would assist us in deciding the difficult legal question" of whether a district court *must* rule one way or the other as to concurrency with anticipated state court sentences. *Id.* at 427. Thompson's "failure to object … means that we have been denied such valuable assistance." *Id.*

State relating to aggravated sexual abuse, sexual abuse, [or] abusive sexual contact involving a minor or ward." § 2251(e).

"To determine whether a prior state conviction falls into the specified class of federal offenses," such as those set out in § 2251(e), "we generally apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 [(1990)]." *United States v. Sullivan*, 797 F.3d 623, 635 (9th Cir. 2015). To apply the *Taylor* approach, we first look to the generic crime's definition. *Id.* Our court's "common practice in cases involving non-traditional offenses" without a statutory definition is to "defin[e] the offense based on the ordinary, contemporary, and common meaning of the statutory words." *Hudson*, 986 F.3d at 1211 (citation omitted).

Then we "compare the conduct prohibited under the state statute to the generic definition to determine whether 'the full range of conduct covered by the [state] statute falls within the meaning of' the federal definition." *Id.* (quoting *United States v. Farmer*, 627 F.3d 416, 418 (9th Cir. 2010)). In making this inquiry, we "'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions' when comparing a conviction to a particular federal generic offense." *Perez v. Garland*, 105 F.4th 1226, 1230 (9th Cir. 2024) (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013)). To determine what elements a state statute includes, we will look to state courts' authoritative interpretations of those statutes. *Quintero-Cisneros v. Sessions*, 891 F.3d 1197, 1201 (9th Cir. 2018).

Our analysis changes when the federal statute covers convictions "relating to" certain offenses. "[T]he phrase

'relating to' generally has a broadening effect on what follows." *Sullivan*, 797 F.3d at 638. The inclusion of "relating to" "does not simply mandate a sentencing enhancement for individuals convicted of state offenses *equivalent* to sexual abuse. Rather, it mandates the enhancement for any state offense that stands in some relation, bears upon, or is associated with that generic offense." *Id.* (citation omitted).

We have "interpreted the phrase 'aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward' … on several occasions." *Hudson*, 986 F.3d at 1211 (quoting 18 U.S.C. § 2252(b)) (collecting cases). "We have developed two definitions specifying the elements of the federal generic offense of sexual abuse of a minor," and "[a] state offense will be a categorical match for 'sexual abuse of a minor' if it fits *either* definition." *Perez*, 105 F.4th at 1230–31 (citations omitted). The first definition was set forth in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc), and applies to statutory rape offenses ("*Estrada-Espinoza* generic definition" or "statutory rape generic definition").[5] The second definition was first set forth in *United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009), and applies to all other offenses ("*Medina-Villa* generic definition" or "abusive sexual conduct generic definition"). We have not previously defined the generic offense of "abusive sexual contact

---

[5] *Estrada-Espinoza* held that this definition includes "four elements: (1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor." 546 F.3d at 1152. We note, however, that the latter two elements of this definition may be inconsistent with the holding and reasoning of the Supreme Court's decision in *Esquivel-Quintana v. Sessions*, 581 U.S. 385 (2017).

involving a minor." *Cf. Hudson*, 986 F.3d at 1211–12 (discussing the generic crime of "abusive sexual conduct involving a minor").

In the present appeal, Thompson argues that his prior Washington state conviction for first-degree child molestation is neither a categorical match to, nor relates to, any of the generic offenses in 18 U.S.C. § 2251(e). We hold otherwise. Washington Revised Code § 9A.44.083 is a categorical match to our court's *Medina-Villa* generic definition of "sexual abuse," and relates to the generic crime of "abusive sexual conduct involving a minor."

## A.

The *Medina-Villa* generic definition "requires proof of three elements: '(1) sexual conduct, (2) with a minor, (3) that constitutes abuse.'" *Perez*, 105 F.4th at 1231 (citation omitted). The second and third elements are easily met by Washington Revised Code § 9A.44.083. As to the second element, § 9A.44.083 only applies to conduct committed against victims under 12 years old, *i.e.*, minors. And as to the third element, we have previously recognized that "sexual conduct involving children under the age of 14 is *per se* abusive." *Quintero-Cisneros*, 891 F.3d at 1202.

We are then left with just the first element—"sexual conduct." This element can be satisfied by state statutes that include an element of sexual gratification or motivation. *See Perez*, 105 F.4th at 1233 (holding that sexual conduct element was satisfied by statute requiring the perpetrator's intent be one "of arousing, appealing to, or gratifying, the lust or passions or sexual desires of that person or of that child"); *United States v. Rocha-Alvarado*, 843 F.3d 802, 808 (9th Cir. 2016) (holding that sexual conduct element was satisfied by statute requiring the conduct "was done for the

purpose of sexual gratification"); *United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999) (holding that statute applying to actions done with "sexual intent" "indisputably" applied to "sexual" conduct).

Section 9A.44.083 includes such a "sexual gratification" requirement. Under that statute, the perpetrator must engage in "sexual contact," which "means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." Wash. Rev. Code § 9A.44.010(2) (2014). Indeed, the Washington Supreme Court has held that to convict under this statute "the State must establish the defendant acted with a purpose of sexual gratification." *State v. Stevens*, 143 P.3d 817, 820 (Wash. 2006).

And there is no mismatch between the type of physical conduct proscribed by the Washington statute and the generic crime. It is true that in certain prior cases we have indicated that physical touching, *not* through clothing, may be required to meet the generic offense of "sexual abuse." For example, in *United States v. Martinez*, our court indicated that Washington's crime of third-degree child molestation did "not categorically meet the generic definition of sexual abuse of a minor" because "it criminalizes touching over clothing as opposed to the generic offense's requirement of skin-to-skin contact." 786 F.3d 1227, 1232 (9th Cir. 2015). But *Martinez* addressed both the statutory rape and abusive sexual conduct generic definitions and so is unclear which generic definition it referred to. The cases *Martinez* cites do, however, indicate that it was addressing the statutory rape generic definition rather than the abusive sexual conduct generic definition. *See id.* (citing *United States v. Castro*, 607 F.3d 566, 570 (9th Cir. 2010)). In the portion of *Castro* cited by *Martinez*,

our court held that the actions proscribed by the California statute at issue there exceeded the scope of the "sexual act" element of the statutory rape generic definition. *Castro*, 607 F.3d at 570. Reading *Martinez* to refer to the "sexual act" element of the statutory rape generic definition harmonizes its discussion with our court's cases that have described the "sexual conduct" element in terms broad enough to cover statutes proscribing conduct that includes over-the-clothing touching. *See, e.g.*, *Perez*, 105 F.4th at 1233; *Rocha-Alvarado*, 843 F.3d at 808.[6]

Finally, Thompson argues that there is no categorical match because Washington Revised Code § 9A.44.083 lacks a mens rea requirement. But the *Medina-Villa* generic definition does not contain a mens rea requirement. Our court frequently juxtaposes the *Medina-Villa* generic definition, without reference to a mens rea component, with the *Estrada-Espinoza* generic definition, for which the court does include a mens rea element. *See, e.g.*, *United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 (9th Cir. 2010); *Perez*, 105 F.4th at 1230. While Thompson points to *Sullivan*, 797 F.3d 623, for the proposition that a mens rea element is required, *Sullivan* discussed mens rea only when discussing the *Estrada-Espinoza* definition of sexual abuse, and not the *Medina-Villa* definition. *See Sullivan*, 797 F.3d at 637.

---

[6] Even if touching through clothing was not a categorical match to the "sexual conduct" element, over-the-clothing touching at least relates to "sexual conduct." *See United States v. Sinerius*, 504 F.3d 737, 742–44 (9th Cir. 2007) (holding that state statute that "only require[d] 'offensive touching of a[n] intimate body part,' which could include touching through clothing" was one "relating to ... sexual abuse" (citation omitted)).

Because Washington Revised Code § 9A.44.083 categorically matches each element of the abusive sexual conduct generic definition of "sexual abuse," § 2251(e)'s mandatory minimum enhancement was correctly applied to Thompson's sentence.

**B.**

We also conclude that Washington Revised Code § 9A.44.083 is either a categorical match to, or relates to, the generic offense of "abusive sexual contact involving a minor." While our court has not previously defined this generic offense, we do not write on a blank slate. We define the elements of this generic crime "both in accordance with its ordinary meaning and in reference to the elements of" the relevant federal statutes. *See Hudson*, 986 F.3d at 1211.

Our court's precedents provide us with the ordinary meaning for all but one of the constituent terms of "abusive sexual contact involving a minor." We have described the ordinary "meaning of 'abuse,'" as: to "'misuse ... to use or treat so as to injure, hurt, or damage ... to commit indecent assault on,' including 'behavior that is harmful emotionally and physically.'" *Id.* (alterations in original) (quoting *Sullivan*, 797 F.3d at 636). And we apply the ordinary and commonsense meaning of "sexual" and "minor." *Sinerius*, 504 F.3d at 741; *United States v. Lopez-Solis*, 447 F.3d 1201, 1207 (9th Cir. 2006).

While our court has not previously defined "contact" in this context, we find no difficulty in concluding that the ordinary meaning of "contact" requires some form of physical touching. This conclusion is consistent with dictionary definitions. *See, e.g.*, Webster's Third New International Dictionary 490 (1986) (defining "contact" as a "union or junction of body surfaces: a touching or meeting");

American Heritage Dictionary 315 (1982) (defining "contact" as a "coming together or touching"). And our conclusion is consistent with that of our sister circuits. *United States v. Northington*, 77 F.4th 331, 337 (5th Cir. 2023) (concluding "contact" is met by "physical contact"); *United States v. Kushmaul*, 984 F.3d 1359, 1366 (11th Cir. 2021) ("'Abusive sexual contact' requires physical touching ….").

The federal definition of "sexual contact," which our precedent requires us to also consider, is narrower than just physical touching, however. Under 18 U.S.C. § 2246(3), "'sexual contact' means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

We now turn to *Taylor*'s second step—comparing the elements of Washington Revised Code § 9A.44.083 to the federal generic offense. Section 9A.44.083 proscribes "*per se* abusive" conduct. *Quintero-Cisneros*, 891 F.3d at 1202. And under the ordinary and commonsense meanings of "sexual" and "minor" that our court applies, § 9A.44.083 is a categorical match. Section 9A.44.083 requires the state to prove that "the defendant acted with a purpose of sexual gratification," *Stevens*, 143 P.3d at 820, and the statute applies only where the victim is less than 12 years old.

The "sexual contact" element is also met, either as a categorical match, or under the "relating to" provision. The Washington statute does require some physical contact. *See* Wash. Rev. Code § 9A.44.010(2) (2014). So to the extent that the generic definition just requires physical touching in general, then the Washington statute is a categorical match.

But to the extent that the federal definition of "sexual contact" informs the generic definition, then there is not a categorical match.  While the federal definition includes only certain body parts—"the genitalia, anus, groin, breast, inner thigh, or buttocks," 18 U.S.C. § 2246(3)—the Washington statute more generally includes "touching of the sexual or other intimate parts of a person," Wash. Rev. Code § 9A.44.010(2) (2014).    And the "intimate parts" that Washington courts have identified—such as a victim's hips and lower abdomen—are not entirely consistent with the body parts identified in § 2246(3).  *See State v. Harstad*, 218 P.3d 624, 629 (Wash. Ct. App. 2009); *State v. Veliz*, 888 P.2d 189, 191 n.4 (Wash. Ct. App. 1995).  But given the narrow scope that Washington courts still provide to "intimate parts," § 9A.44.083 at least relates to this element of the generic offense of "abusive sexual contact involving a minor."  *See Sinerius*, 504 F.3d at 742–44.

Our conclusion that § 9A.44.083 at least relates to the generic offense is consistent with our court's precedents applying the "relating to" provision in similar contexts.  In *Sinerius*, our court explained that to qualify for a sentencing enhancement, "state offenses [need not be] *equivalent* to sexual abuse," but need only "stand[] in some relation, bear[] upon, or [be] associated with that generic offense."  *Id.* at 743 (emphasis in original).  We built upon this conclusion in *Sullivan*, holding that a state statute lacking a mens rea requirement was one "relating to" the generic offense of "sexual abuse of a minor" because "this element relates to the culpability of the defendant, not to the impact of the conduct on the minor."  797 F.3d at 640.  Then, in *United States v. Jaycox*, our court noted that "[a] core substantive element of the state crime—the age of the participants—is too far removed from the relevant federal generic definitions

to be 'related to' them." 962 F.3d 1066, 1070–71 (9th Cir. 2020). *Jaycox* concluded that the state statute at issue there was a mismatch to a "core substantive element[]" because it "criminalize[d] conduct not necessarily abusive nor against those ordinarily considered minors for age of consent purposes." *Id.* at 1070 (citations omitted). Our court similarly explained in *United States v. Schopp*, that "[t]he 'relating to' phrase … does not permit an expansion beyond the substantive linchpin element of the federal generic crime … although it does permit inclusion of various kinds of conduct involving that generic crime." 938 F.3d 1053, 1066 (9th Cir. 2019) (citing *Mellouli v. Lynch*, 575 U.S. 798, 811–12 (2015)). These cases bolster our conclusion that § 9A.44.083 at least relates to the sexual contact element of the generic offense.

Because § 9A.44.083 only applies when the victim is less than 12 years old all of the conduct it applies to is "per se abusive" and against minors. *Farmer*, 627 F.3d at 419. That means that this case is not controlled by *Jaycox*'s conclusion about age, since *Jaycox* concluded that a statute that is broader with respect to both the "abusive" *and* "minor" elements of the generic offense of "sexual abuse of a minor" did not relate to a "core substantive element." 962 F.3d at 1070–71. Section 9A.44.083 simply allows for "various kinds of conduct"—such as touching a minor's hips, rather than the minor's buttocks—to fall within the definition of "sexual contact." *Schopp*, 938 F.3d at 1066. And since the sexual contact prohibited under the Washington statute is all still "abusive"—sexually touching a minor is abusive regardless of whether the perpetrator is touching the minor's hips or their buttocks—"the impact of the conduct on the minor" is the same under both the generic offense and § 9A.44.083. *Sullivan*, 797 F.3d at 640. So

*Jaycox*, *Schopp*, and *Sullivan* all confirm that § 9A.44.083 at least relates to the generic offense.

We therefore affirm the application of § 2251(e)'s mandatory minimum increase to Thompson's sentence because § 9A.44.083 either categorically matches or relates to the generic crime of "abusive sexual contact involving a minor."

## IV.

We turn next to Thompson's argument that the district court erred by declining to recommend whether Thompson's federal sentence should run concurrently with the anticipated state sentences. As already noted, we review for plain error. We find none.

At the outset, Thompson fails to point to any "controlling authority on point" that compels a district court to make a recommendation as to concurrency with anticipated state sentences. *Charles*, 581 F.3d at 933.

The "most closely analogous precedent" is, in fact, contrary to Thompson's argument. *See id.* at 934. In *Setser v. United States*, the Supreme Court held that courts have discretion to order whether a sentence run consecutively or concurrently with a state criminal sentence, including for an anticipated state sentence. 566 U.S. 231, 236 (2012). The Court reasoned that the relevant federal sentencing statute "does not cover the situation" of a court's authority with respect to an anticipated state sentence, and thus it remained a part of the district court's "sentencing discretion." *Id.* The Court also indicated that district courts have discretion to refrain from making *any* concurrency recommendation. It noted that district courts "should exercise the power to impose anticipatory consecutive (or concurrent) sentences

intelligently." *Id.* at 242 n.6. Thus, where district courts "have inadequate information," they "may forbear" from deciding this question. *Id.*

Our sister circuits have also concluded that district courts did not err by declining to make any concurrency recommendation. The Eighth Circuit indicated that a district court's decision of whether to rule on concurrency with state sentences was subject to its discretion. *See United States v. Hall*, 825 F.3d 373, 376 n.3 (8th Cir. 2016); *see also United States v. Sitladeen*, 64 F.4th 978, 991 (8th Cir. 2023) (holding the same for an order of concurrency with anticipated foreign sentences). And the Fourth Circuit likewise held there was no abuse of discretion where "the court recognized its discretion to order the sentence to run concurrently, but simply declined to exercise its discretion." *United States v. Lynn*, 912 F.3d 212, 217 (4th Cir. 2019).

Given the Supreme Court's statements regarding district courts' discretion not to make concurrency recommendations and our sister circuits' similar conclusions, Thompson fails to show any error, let alone plain error.[7]

---

[7] Thompson relatedly argues for the first time on appeal that United States Sentencing Guideline § 5G1.3(c) and its accompanying notes "indicate that the District Court should have run Thompson's federal sentence concurrent to his future state sentences" and that the court erred by "not address[ing]" this guideline. Because Thompson did not make this argument below, we review it for plain error, and we conclude that there was no such plain error. For § 5G1.3(c) to apply, it was Thompson's burden to establish that the "state term of imprisonment is anticipated to result from another offense that is relevant conduct" to the federal offense. U.S. Sent'g Guidelines Manual § 5G1.3(c); *see also United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2018) (concluding that the defendant bears

## V.

The district court correctly determined that 18 U.S.C. § 2251(e)'s 10-year mandatory minimum enhancement applied to Thompson's sentence based upon his 2016 conviction for violating Washington Revised Code § 9A.44.083. And the district court did not plainly err in declining to make a recommendation as to whether Thompson's federal sentence should run concurrently with the anticipated Washington sentences. For the foregoing reasons, the district court's judgment is **AFFIRMED**.

---

the burden of proof for a downward guidelines adjustment); *United States v. Schrode*, 839 F.3d 545, 551 (7th Cir. 2016) ("It is the defendant's burden to demonstrate that the conduct which led to his state sentences is relevant conduct to his federal offense."). Yet Thompson failed to make any factual showing regarding its application. The district court did not plainly err by not discussing § 5G1.3(c) or by not making sua sponte the factual findings necessary to establish that the guideline even applies.