**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 24-2759, 24-6394 |
| Plaintiff - Appellee, | D.C. No. 2:22-cr-00197-JLR-1 |
| v. | MEMORANDUM* |
| JESUS RUIZ-HERNANDEZ, AKA Christo Jesus Escobar Solares | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted May 19, 2026**
Seattle, Washington

Before: TALLMAN, OWENS, and R. NELSON, Circuit Judges.

Jesus Ruiz-Hernandez appeals from his conviction of twenty-one counts

charging money laundering and forced labor involving seven victims. *See* 18

U.S.C. §§ 1589(a), (d), 1594(a), 1956(a)(1)(B)(i), (a)(2)(A), 2; 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1324(a)(1)(A)(ii), (a)(1)(A)(iii), (a)(1)(B)(i), (a)(2)(A), (a)(2)(B)(ii).  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 28 U.S.C. § 1291.  We dismiss in part and affirm in part.

1.  We dismiss Ruiz-Hernandez's claim that he received ineffective assistance of counsel without prejudice to his ability to raise it in 28 U.S.C. § 2255 proceedings.  "As a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal."  *United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012) (citation modified).  There are "two extraordinary exceptions to this general rule: (1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel."  *Id.* (citation modified).

Neither exception applies here.  Ruiz-Hernandez identifies several instances of allegedly deficient performance, but as "counsel has not yet had an opportunity to explain his actions" and the court "cannot tell from the record whether [each decision] was a calculated stratagem or a mere oversight," the record is not sufficiently developed.  *Id.* at 606 (citation modified).  Nor was counsel's performance so inadequate as to obviously violate the Sixth Amendment.  *See United States v. Osorio-Arellanes*, 112 F.4th 647, 661–62 (9th Cir. 2024).

2.  The district court did not abuse its discretion in denying Ruiz-

Hernandez's counsel's motion to withdraw. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009) (standard of review). "In general, a defendant who can afford to hire counsel may have the counsel of his choice unless a contrary result is compelled by 'purposes inherent in the fair, efficient and orderly administration of justice.'" *United States v. Rivera-Corona*, 618 F.3d 976, 979 (9th Cir. 2010) (quoting *United States v. Ensign*, 491 F.3d 1109, 1115 (9th Cir. 2007)).

The motion to withdraw was made less than three months before trial, after trial had been continued for almost a year at Ruiz-Hernandez's request. The district court denied the motion based on its timing and the likely impact on the trial date, potential witness availability issues, and evidence that Ruiz-Hernandez was trying to tamper with witnesses—all of which fall squarely within the recognized grounds for denying such a motion. *See id.*; *United States v. Garcia*, 924 F.2d 925, 926 (9th Cir. 1991) (considering the timeliness of the motion to withdraw).

3. The evidence was sufficient to convict Ruiz-Hernandez of forced labor as to AV2. Ruiz-Hernandez concedes that the evidence was sufficient to show exploitation and financial leverage and harassment, but contends that the forced labor statute does not punish this type of conduct. Indeed, the statute includes only four means of obtaining labor under the statute—(1) force or restraint; (2) serious harm or threats; (3) abuse of law or the legal process; or (4) plans intended to cause

the person to believe that not performing labor would cause that person or another to suffer harm. 18 U.S.C. § 1589(a)(1)–(4). But the statute defines "serious harm" broadly to include "*any* harm, whether physical or nonphysical, including psychological, financial, or reputational harm." *Id.* § 1589(c)(2) (emphasis added). As such, Ruiz-Hernandez's conduct properly fell within the statutory definition of 18 U.S.C. § 1589(a)(1)–(4), and there was sufficient evidence for a jury to find that Ruiz-Hernandez used prohibited means to obtain AV2's labor.

4. Because Ruiz-Hernandez did not properly preserve his objections to the jury instructions, we review for plain error. *United States v. Kilbride*, 584 F.3d 1240, 1247 (9th Cir. 2009). An "[e]rror is plain where it is 'clear and obvious.'" *Id*. at 1255 (internal citation omitted).

The district court did not plainly err in using the term "involved" rather than "included" in instructing the jury on the relationship of aggravated sexual abuse to forced labor in Count 1. Ruiz-Hernandez argues that the court erred in using the term "involved" rather than "included," as "include[d]" conveys that the aggravated sexual abuse "shared a nexus with forced labor," rather than "just occur during the time or in the place of forced labor." Neither this circuit nor any other appears to have addressed this issue, and "[a]n error cannot be plain where there is no controlling authority on point." *United States v. Thompson*, 127 F.4th 1204, 1210 (9th Cir. 2025) (citation modified). To the extent there is a meaningful

difference between "includes" and "involves," such "potential for confusion" does not rise to the level of plain error. *See United States v. Elias*, 269 F.3d 1003, 1018 (9th Cir. 2001) (noting that "a confusion that would only afflict law students or lawyers" does not rise to the level of plain error).

5. The district court did not plainly err in instructing the jury that "harbor," as used in 8 U.S.C. § 1324(a)(1)(A)(iii), means "provide shelter to." This definition is consistent with our precedent. *See United States v. Acosta de Evans*, 531 F.2d 428, 430 (9th Cir. 1976); *United States v. Tydingco*, 909 F.3d 297, 302–04 (9th Cir. 2018).

6. The district court did not plainly err in giving the jury a general knowledge instruction that included the following sentence: "The government is not required to prove that the defendant knew that his acts or omissions were unlawful." We have previously held that giving this instruction in a money laundering case may be reversible error, depending on the language of the specific money laundering instruction. *See United States v. Stein*, 37 F.3d 1407, 1409–10 (9th Cir. 1994). But we have also found no error when the district court added the qualifier "as to money laundering" to the general knowledge instruction and added a paragraph to the money laundering instruction clarifying that the defendant must know that the property being laundered represented proceeds of a crime. *See United States v. Knapp*, 120 F.3d 928, 931–32 (9th Cir. 1997).

Here, the district court applied the second corrective from *Knapp*, but not the first, placing this case somewhere between *Knapp* and *Stein*. "An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *Thompson*, 127 F.4th at 1210 (citation modified). Because neither *Knapp* nor *Stein* directly controls, any error in the instructions was not so "clear and obvious" as to be plain. *Kilbride*, 584 F.3d at 1255 (citation modified).

**DISMISSED IN PART AND AFFIRMED IN PART.**